389 A.2d 1087

Edna BEASLEY, Benjamin Beasley, and Betty Irene Beasley, a minor by her mother and next friend, Edna Beasley, Appellants,

v.

Arnold FREEDMAN and Marion Freedman, Appellees.

Superior Court of Pennsylvania.

Argued March 14, 1978.

Decided July 12, 1978.

Kenneth A. Wise, York, for appellants.

Robert J. Stewart, York, with him Lewis Harrison Markowitz, York, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

JACOBS, President Judge:

Appellants, the Beasleys, herein appeal the decision of the Court of Common Pleas of York County sustaining demurrers of Appellees, the Freedmans, to four of the five counts of appellants' complaint.[1] The appeal raises two issues:

1. Counts I, II, and III of appellants' complaint alleged, in effect, that appellees breached the implied warranty of habitability in three residential dwellings they rented to appellants. In Count IV, appellants alleged that Betty Irene Beasley, a minor, suffered personal injuries as a result of numerous bedbug bites sustained while she lived in the premises rented to her family by appellees. Count V

whether the implied warranty of habitability as it applies to residential leases may be used as the basis for a complaint and whether tenants who allege a breach of the implied warranty of habitability may also allege a cause of action for intentional infliction of emotional distress. Our Court recently has answered both of these questions in the affirmative. *Fair v. Negley,* 257 Pa.Super. ——, 390 A.2d 240 (1978), *Pugh v. Holmes,* 253 Pa.Super. 76, 384 A.2d 1234 (1978). Today we reaffirm our prior holdings. The trial court's decision sustaining appellees' demurrers is reversed and the case is remanded for proceedings consistent with this opinion.

Between November, 1971, and October, 1973, appellants rented from appellees three separate residential dwellings, with each change of address resulting in an increased rent.[2] Following their vacation of the third rental unit, appellants commenced suit against appellees.[3] Counts I, II, and III of the second amended complaint alleged that appellees had breached the implied warranty of habitability on each of the three dwellings rented. Appellants cited, *inter alia,* rodent and insect infestation, structural defects, inadequate heating, defective plumbing, and exposed electrical wiring as the defects amounting to a breach of the implied warranty on each of the dwellings. As damages, they sought the differ-

alleged that appellees committed the tort of "slumlordism" or intentional infliction of emotional distress. The lower court sustained appellees' demurrers to Counts I, II, III, and V, but overruled their demurrer to Count IV. This appeal is from the sustaining of those demurrers.

2. Beginning on November 4, 1971, appellants leased from appellees a first floor apartment at 844 East Market Street, York, Pennsylvania, for $135 per month. From June, 1972 to December, 1972, appellants leased from appellees a dwelling at 846 East Market Street, York, Pennsylvania for $150 per month plus utilities. From December, 1972, to October, 1973, appellants leased from appellees, a second floor apartment at 844 East Market Street, York, Pennsylvania for $174 per month plus utilities.

3. The appellants originally filed a five count complaint in trespass and assumpsit. This appeal is based on a second amended complaint to which appellees filed preliminary objections in the form of demurrers.

ence between the amount of rent they paid and the actual fair rental value of the properties. The lower court sustained appellees' demurrers to the counts of the complaint alleging breaches of the implied warranty of habitability.[4]

We reverse the lower court's order and reinstate Counts I, II, and III of appellants' complaint. The implied warranty of habitability is a proper basis for a complaint. *Fair v. Negley*, 257 Pa.Super. at ——, 390 A.2d at 242; *see also Pugh v. Holmes*, 253 Pa.Super. 87, 384 A.2d 1240. Should appellants prove that appellees breached the implied warranty, standard contract remedies will be available to them. For any time period during which the finder of fact determines that the premises were uninhabitable, appellants may recover the difference between the amount of rent they paid and the reasonable rental value of the premises. Furthermore, they may recover additional damages causally related to the breach of the warranty, e. g. amounts spent on reasonable reparation and replacement in making the dwellings habitable. Of course, in order to succeed on their complaint, appellants must prove that they gave notice to appellee of the defective conditions, that appellee had a reasonable opportunity to correct the defects, and that he failed to do so. *Fair v. Negley*, 257 Pa.Super. at ——, 390 A.2d at 243; *Pugh v. Holmes*, 253 Pa.Super. at 88, 384 A.2d at 1241; and cases cited therein.

Count V of appellants' complaint alleged a cause of action for the tort of "slumlordism." Again, appellees demurred to the complaint and the court sustained the demurrer. While we do not adopt the language of the appellants or their reference to the tort as one of "slumlordism," we do recognize that the theory upon which Count V of their complaint is based is the tort of intentional infliction of emotional distress. As defined by Section 46 of the Restatement (Second) of Torts,

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to

4. The court did, however, allow appellants to proceed on Counts I, II, and III on the basis of breaches of express warranties to repair.

another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

In *Fair v. Negley,* we refused to hold that a breach of the implied warranty of habitability constituted intentional infliction of emotional distress as a matter of law; we did hold, however, that tenants have the right to allege and to prove that landlords, by breaching the warranty, have intentionally inflicted emotional distress upon the tenants. 257 Pa.Super. at ——, 390 A.2d at 246. Therefore, Count V of the present appellants' complaint does state a valid cause of action and appellees' demurrer to the count was improperly sustained.

"Preliminary objections in the nature of a demurrer should be sustained only where it appears with certainty that upon the facts averred the law will not permit the plaintiff to recover." *Papieves v. Kelly,* 437 Pa. 373, 381, 263 A.2d 118, 122 (1970). Upon reviewing the record in this case, we find that appellants alleged sufficient facts in Counts I, II, III, and V of their complaint to overcome a ruling against them as a matter of law. Accordingly, we reverse the ruling of the lower court, reinstate appellants' complaint, and remand this case for proceedings consistent with this opinion.

VAN der VOORT, J., joins this opinion as to Counts I, II and III.

PRICE, J., files a dissenting opinion in which HESTER, J., joins and VAN der VOORT, J., joins as to Count V.

PRICE, Judge, dissenting:

I respectfully dissent for the reasons stated in my dissenting opinions in *Fair v. Negley,* 257 Pa.Super. ——, 390 A.2d 240 (1978) and *Pugh v. Holmes,* 253 Pa.Super. 76, 384 A.2d 1234 (1978). Although appellees' brief did not persuade the majority of this court, I would commend counsel's effort,

particularly his discussion of Pennsylvania's Rent Withholding Act.[1]

HESTER, J., joins in this opinion.

VAN der VOORT, J., joins this opinion as to Count V.

1. The Act of January 24, 1966, P.L. (1965) 1534, § 1, *as amended* (35 P.S. § 1700–1).