482 A.2d 1042

**RITTENHOUSE REGENCY AFFILIATES**

v.

**Gloria PASSEN, Appellant.**

Superior Court of Pennsylvania.

Argued March 13, 1984.

Filed Oct. 5, 1984.

Allen L. Feingold, Philadelphia, for appellant.

Jay S. Ruder, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

## OPINION

WIEAND, Judge:

This is an appeal from an order sustaining preliminary objections in the nature of a demurrer to a counterclaim. The counterclaim was filed by a tenant in response to her landlord's action for accelerated rent which became due when the tenant vacated the apartment prematurely.

Gloria Passen was tenant and Rittenhouse Regency Affiliates, a limited partnership, was lessor under the terms of a written apartment lease having a term of two years. The tenant discontinued the payment of rent when she vacated the apartment at the end of the first year. The lessor thereupon commenced an action in assumpsit to recover the balance of rent due under the terms of the lease. The

tenant responded by filing a counterclaim. After preliminary objections thereto had been sustained, the tenant filed an amended counterclaim. She alleged therein that the lessor had failed to return a rental deposit. She also alleged that the lessor had intentionally inflicted emotional distress by refusing to abide by an oral agreement to accept an alternate tenant if one were found by appellant-lessee. For breach of this oral agreement, Passen demanded compensatory and punitive damages.

The trial court properly observed that a tenant cannot maintain a cause of action for punitive damages or for compensatory damages because of emotional distress allegedly caused by a lessor's failure to abide by the terms of an oral agreement. As a general rule, punitive damages are not recoverable in an action for breach of contract. *Reliance Universal, Inc. of Ohio v. Ernest Renda Contracting Co.*, 308 Pa.Super. 98, 107, 454 A.2d 39, 44 (1982); *Daniel Adams Associates, Inc. v. Rimbach Publishing Inc.*, 287 Pa.Super. 74, 77, 429 A.2d 726, 728 (1981); *DeLuca v. Fidelity Bank*, 282 Pa.Super. 365, 368, 422 A.2d 1159, 1161 (1980). Similarly, damages for emotional distress are not ordinarily allowed in actions for breach of contract. There are only two exceptions. The first is where the emotional distress accompanies bodily injury. This usually takes the form of an action in tort. The second exception occurs where the breach is of such a type that serious emotional disturbance is a particularly likely result. Restatement (Second) of Contracts § 353 (1981).[1] See: *Carpel v. Saget Studios, Inc.*, 326 F.Supp. 1331, 1334 (E.D.Pa. 1971); *Emerman v. Baldwin*, 186 Pa.Super. 561, 572, 142 A.2d 440, 447 (1958). See also: *Gefter v. Rosenthal*, 384 Pa. 123, 119 A.2d 250 (1956). The counterclaim in the instant case does not contain even a whisper of bodily harm. The oral agreement alleged, moreover, was not one whose

1. Common examples, according to the Restatement, are "contracts of carriers and innkeepers with passengers and guests, contracts for the carriage or proper disposition of dead bodies, and contracts for the delivery of messages concerning death." Restatement (Second) of Torts § 353, comment a.

breach is recognized as being particularly likely to cause emotional distress.

The Restatement (Second) of Torts § 46(1) (1965) provides that "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress...." *Id.* Although it is recognized that in certain cases a breach of contract can be tortious, *Fair v. Negley,* 257 Pa.Super. 50, 390 A.2d 240 (1978); *Beasley v. Freedman,* 256 Pa.Super. 208, 389 A.2d 1087 (1978), the essence of such a tort must be extreme and outrageous conduct. "Liability has been found only where the conduct has been *so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Martin v. Little, Brown and Co.,* 304 Pa.Super. 424, 432, 450 A.2d 984, 988 (1981), quoting *Jones v. Nissenbaum, Rudolph & Seidner,* 244 Pa.Super. 377, 383, 368 A.2d 770, 773 (1976) (quoting from Restatement (Second) of Torts § 46, Comment d). Accord: *Rose v. Wissinger,* 294 Pa.Super. 265, 274, 439 A.2d 1193, 1198 (1982).

The tenant averred in the instant counterclaim that the lessor had refused to lease the apartment to prospective tenants obtained by appellant *"solely* with the desire of increasing the amount of rental in direct violation of the agreements entered into with the [appellant] herein." (emphasis added). This was a simple breach of contract; it was not a tort. It was not extreme or outrageous conduct sufficient to exceed the bounds of decency so as to render the lessor liable for emotional distress. Appellant's remedy, if the lessor breached a separate oral agreement regarding occupancy of the apartment, is limited to those damages which are traditionally awarded in breach of contract actions. Therefore, the trial court could properly dismiss the tenant's counterclaim for emotional distress and punitive damages.

However, the tenant was entitled to allege in her counterclaim a set-off for any rental deposit made upon execution of the lease and not forfeited during occupancy of the apartment. Even though this portion of the counterclaim was not pleaded with specificity, the claim appears clearly in the counterclaim. It was adequate to prevent a total dismissal of appellant's counterclaim.

The order sustaining preliminary objections in the nature of a demurrer to appellant's counterclaim is reversed. The action is remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.