## Holsopple v. De Rose

*Kevin L. Sanders,* for plaintiff.
*Jon A. Barkman,* for defendant.

COFFROTH, *S.J.*, June 11, 1986 — This civil action is here on defendant's preliminary objections to plaintiffs' complaint, raising the following questions of issue:

*Count I — Assumpsit*

(1) Where the parties enter into an agreement in open court compromising and settling pending litigation between them,

(a) Is court approval thereof necessary absent such requirement in the agreement or by statute? Answer, no.

(b) Where the agreement contains mutual promises, is there legal consideration creating a contract? Answer, yes.

(2) Are punitive damages recoverable in an action on a contract? Answer, no.

(3) May damages for emotional distress be recovered in a contract action brought for breach of an agreement to settle a civil action? Answer, No, unless accompanied by bodily injury.

*Count II — Trespass*

(1) Is wilful and malicious breach of contract a tort? Answer, no.

(2)(a) Is outrageous and intentional or reckless infliction of emotional distress tort? Answer, yes.

(b) Does count II, alleging that emotional distress resulted from wilful and malicious breach of contract, without alleging essential intent or recklessness, plead a tort cause of action? Answer, no.

## DISCUSSION

*Count I — Assumpsit*
(1) *Validity of Contract*

The contract sued on is embodied in exhibit 1 to count I of the complaint, which is a copy of the transcript of the court proceeding of June 5, 1984, in

no. 415 Civil 1983 a companion action between these parties; in that proceeding, these parties and their counsel spread upon the record the terms of their agreement of settlement of that case. This action is to enforce the settlement agreement.[1] The preliminary objections challenge the contract on two grounds: (1) there is no court order approving the settlement, and (2) there is no contract between the parties for want of consideration. Neither of these objections has any merit. No approving court order for this settlement was required, either by the agreement itself or by statute. Compare *Kazanjian v. New England Petroleum Corp. et al,* 332 Pa. Super. 1, 480 A.2d 1153 (1984); *Klein v. Cissone,* 297 Pa. Super. 207, 443 A.2d 799 (1982); *Ankney Estate,* 45 Somerset Legal Journal 126 (1986). The settlement agreement consists of mutual promises — benefits to the promisees and detriments to the promisors, on both sides — which furnish legal consideration for each other. PLE, Contracts §55.

(2) *Punitive Damages In Contract Action*

Count I in assumpsit for breach of contract contains a claim for punitive damages as a result of the "malicious, wanton, and wilful conduct of defendant" in breaching the settlement contract. "It is well settled that punitive damages may be recovered in tort but not in contracts." *Commonwealth v. Kitchen Appliances Distributors (No. 1),* 41 Somerset Legal Journal 368, 370, 27 D.&C. 3d 91 (1981), and cases there cited; accord, *Rittenhouse Regency Affiliates v. Passen,* 333 Pa. Super. 613, 482 A.2d 1042 (1984) and *Reliance Universal Inc. v. Ernest Renda Contracting Co. Inc.,* 308 Pa. Super. 98, 454 A.2d 39 (1982). As stated in *Daniel Adams Associates v.*

1. After this action was filed, further proceedings in no. 415 were stayed pending resolution of the instant case.

*Rimbach Publishing Inc.*, 287 Pa. Super. 74, 429 A.2d 726 (1981) at headnote 5 summarizing the court's holding:

"Punitive damages could not be assessed for breach of mere contractual duties, even if defendants were motivated solely by malicious intent to cause harm to plaintiffs."

Accordingly, the claim for punitive damages asserted in count I of the complaint must be stricken.

(3) *Damages For Emotional Distress In Contract Actions*

We note that no claim for emotional distress (anxiety) damage is contained in count I (assumpsit). See *Rittenhouse,* supra, holding that damages for emotional distress are not recoverable in a contract action unless it accompanies bodily injury or such illness is a particularly likely result of the breach, neither of which is pleaded here. See also, *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.*, 494 Pa. 501, 431 A.2d 966 (1981) at page 509, note 5; Restatement Of Contracts 2d §353; compare *Ramada Inn v. Shuglie (No. 2)*, 45 Somerset Legal Journal 55 (1986).

*Count II — Trespass*

As stated in *Rubinoff v. Exxon Corp. et al*, 45 Somerset Legal Journal 69 (1986):

"The indispensible ingredients of a case for punitive damages are: (1) a tort of action . . ., and (2) conduct which because of its evil motive or reckless indifference reaches the level of being outrageous."

So, in cases of this kind, where entitlement to a particular element of damage exists only in a tort cause of action, the first inquiry must be whether a valid tort cause of action is alleged. Thus, in *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.*, 262 Pa. Super. 331, 396 A.2d

780 (1978), in which both punitive damages and damages for mental distress were claimed in an action of trespass against an insurer for bad faith refusal to settle a claim against plaintiff, the judges of the Superior Court agreed that such a bad faith refusal gave rise to a contract (assumpsit) action in favor of insured on the policy, but were evenly divided (3-3) on whether such bad faith breach of the policy was also a tort; but the matter was resolved on the appeal to the Supreme Court, Id 494 Pa. 501, 431 A.2d 966 (1981). in which the court (5-2) denied tort liability and therefore denied punitive damages.[2] In *Commonwealth v. Kitchen Appliances Dis-*

---

2. After the Superior Court decision, but prior to the Supreme Court decision in *D' Ambrosio* on July 8, 1981, two cases involving similar claims arose in this court; in *Gasperine et al v. Selected Risks Insurance Co.,* 39 Somerset Legal Journal 131(1979, Judge Shaulis followed the three-judge Superior Court opinion favoring denial of the tort claim and dismissed a tort count by insured against insurer for bad faith policy breach; but in *Weigle v. Motors Insurance Corp. et al,* 39 Somerset Legal Journal 109, 19 D.&C.3d 449(1980), this writer followed the three-judge Superior Court opinion favoring allowance of the tort claim and overruled preliminary objections to a tort count. A third case arose here in the interim between the appellate court decisions in *D' Ambrosio,* which came before us after the Supreme Court decision, in which we followed the Supreme Court and sustained preliminary objections to the count in tort and to the claim for punitive damages. *Nedrow v. Pennsylvania National Insurance Co.,* No. 469 Civil 1980, opinion of 7-28-81, in which we said:

"We therefore rule on the preliminary objections in obedience to the Supreme Court's majority decision in *D' Ambrosio.* By definition, the Supreme Court's authority, if not its reasoning, is supreme."

Justice Jackson of the U. S. Supreme Court once said of that court's supremacy: "We are not final because we are infallible, but we are infallible because we are final." *Brown v. Allen,* 344 U.S. 443, 540, 97 Lawyers Edition 469, 533 (1953). See also, *Commonwealth v. Workman* (No. 1), No. 313 Criminal 1984,

*tributors Inc. (No.1)*, supra, in which a punitive damage claim was asserted as incident to plaintiff-tenant's claim against defendant-landlord for wrongful eviction, we held that breach of the covenant of quiet enjoyment in the lease gave rise to both a cause of action for breach of contract, and an alternative cause of action in tort to which a claim for punitive damages could be incident. So we must examine the averments of this complaint to determine whether a valid tort cause of action is pleaded.

(1a) *Tort Cause Of Action — Malicious Breach Of Contract*

The following substantially summarizes the averments of the trespass claim of this complaint in count II:

"Plaintiffs brought suit in this court for breach of warranty in the manufacture and sale of a mobile home (415 Civil, 1982), purchased and occupied by plaintiffs as their home, and obtained a jury verdict for damages; prior to argument of post-trial motions, the parties reached a settlement agreement on the record; plaintiffs complied with the agreement and pursuant thereto gave notice to defendant that they were prepared to vacate the home and demanded payment according to the settlement ageement, and then vacated the home, but that defendant wilfully, wantonly and maliciously failed, refused or was unable to tender payment under the settlement agreement and thereby breached the agreement, and 'failed, refused, or was unable to remove the mobile

---

slip opinion of 11-4-85, pages 5 and 6 at note [2]; *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986), Nix *C.J.* concurring. The Supreme Court's *D' Ambrosio* decision rested on statutory pre-emption of the field of unfair insurance practices, a question which had not been raised or considered in the *Gasperine* and *Weigle* cases cited supra.

home from the site' as agreed. Plaintiffs seek money damages for breach of the agreement, including consequential damages, 'severe anxiety' suffered, and punitive damages resulting from defendant's 'malicious, wanton and wilful conduct,' and alleging that '[a]ll damages suffered by plaintiffs are solely a result of defendant's breach of the agreement.' "

We begin with the proposition that a tort is a civil wrong which arises from violation of a duty imposed by law, as distinguished from a duty created by contract or consensus of the parties; hence a breach of contract as such is not a tort, no matter how malicious and outrageous the purpose; only if there is violation of a non-consensual duty imposed by law independent of contract, whether instead of or in addition to the contractual or consensual duty, is there a tort. As stated in *Daniel Adams Associates Inc. v. Rimbach Publishing Inc.,* supra, 287 Pa. Super. at 77-78:

"Only where the person who breaks a contract also breaches some duty imposed by society will compensatory or punitive damages be imposed against the wrongdoer in order to punish the wrongful act and in order to serve as a deterrent."

Consistent therewith, we stated the following in *Weigle v. Motors Insurance Corp. et al,* 39 Somerset Legal Journal 109, 113-114, 19 D.&C.3d 449 (1980):

"The traditional general principle is that the mere fact that a breach of contract is committed in bad faith or with outrageous purpose does not constitute a tort. As stated in CJS, Actions §47: 'In determining the choice of remedy as between an action in contract and an action in tort the source of the duty violated must be ascertained. As contractual duties proper have their origin in, and derive vitality directly from, the assent of the parties, a mere breach of

such duties does not constitute a tort, and hence if there is no liability except that arising out of a breach of a purely contractual duty, the action must be in contract, and an action in tort cannot be maintained, *even if the breach of contract be malicious.'"* (emphasis added). See also, PLE, Torts §1.

Similarly, in *Standard Pipeline Contracting Co. Inc. v. Solomon & Telovich Inc.*, 344 Pa. Super. 367, 496 A.2d 840 (1985), the court refused to recognize a cause of action in tort arising from alleged breach of contract with specific intent to drive the other contracting party out of business; the court in note 2 pointed out the obvious differentiation between the contract cause of action for breach of contract and the tort cause of action for wrongful interference with a contract made by others.[3]

Accordingly, count II pleads no tort for "malicious, wanton and wilful" conduct in breaching the contract between the parties.

(1b) *Outrageous Infliction Of Emotional Distress*

The only other averment suggesting the possibility of a tort cause of action is that of paragraph 17 of the complaint that "plaintiffs have suffered severe anxiety adversely affecting their health and well-being." This tort is defined in section 46(1) of Restatement (Second) of Torts which provides as follows:

"§46. Outrageous Conduct Causing Severe Emotional Distress

"(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for

---

3. On the role of the purpose or intent of destroying the business of another in the tort for unfair competition, see *J. Reisman & Sons v. Snyder Potato Chips,* 31 Somerset Legal Journal 77(1975) at headnote 17.

such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

Thus, the essential elements of this tort are:

(1) *Severe emotional distress caused by defendants' conduct.* Emotional distress is severe ". . . only where the distress is so severe that no reasonable man could be expected to endure it." Comment j. to §46. There are no factual averments here which satisfy this requirement; the complaint states conclusory generalities only in paragraph 17 as quoted above. Physical injury is not required.

(2) *Caused by conduct of defendant which is both (a) extreme and outrageous, and (b) is intentional or reckless in causing such distress.* Conduct is extreme and outrageous when it goes ". . . beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' " Comment d to §46. Accord: *Gordon v. Lancaster Osteopathic Hospital Association,* 340 Pa. Super. 253, 489 A.2d 1364 (1985); *Rittenhouse Regency Affiliates v. Passen,* supra; *Bartanus v. Lis,* 332 Pa. Super 48, 480 A.2d 1178 (1984).

We described outrage in *Weigle v. Motors Insurance Corp. et al,* supra, 39 Somerset Legal Journal at 126, as follows:

"To be outrageous, conduct must be such a severe departure from prevailing moral values in terms of the evilness of motive or recklessness of the disregard of the victim's rights and interests, such an extravagant, shocking, anti-social and extremely offensive misdoing, as provokes instantly a cry of abhorrence." Accord: *Berkstresser v. Riverside*

*Markets et al,* 42 Somerset Legal Journal 8, 10, 27 D.&C.3d 630 (1982), Shaulis *J.*

There are no factual averments in this complaint from which extreme outrage of the sort here required can be inferred. It is for the court on the first instance to make that determination. *Dawson v. Zayre Department Stores,* 346 Pa. Super. 357, 499 A.2d 648 (1985); Comment h to §46 supra.

Conduct is intentional when " . . . the actor desires to cause [the] consequences of his act, or that he believes that the consequences are substantially certain to result from it." There is no such pleading here. In *Glenn v. Point Park College,* 441 Pa. 474, 482 (1971), the court held that conclusory words such as "intentionally, wrongfully, maliciously, fraudulently, deceitfully and without justification" were insufficient to allege the type of intention required, saying: "While this comes close to charging an intent to cause harm to plaintiffs, it stops short of doing so." As we said in *Weber v. Sipe et al,* 41 Somerset Legal Journal 305 (1982):

"The pleading must make clear that it was the consequences . . . , that is, harm to plaintiffs, which was intended. 'In other words, the actor must act (1) for the purpose of causing this specific type of harm to the plaintiff. . . .' "

The pleading must make clear " . . . that the intention included a purpose to harm plaintiffs." Id at 321. Alternatively, section 46 is satisfied if the severe distress is caused "recklessly," that is, defendant acted " . . . in deliberate disregard of a high degree of probability that the emotional distress will follow." Comment (i) to section 46. Otherwise stated, defendant either knew the harm would result, or was in possession of facts which made the high risk of the harm from his conduct "so obvious that he

must be taken to be aware of it," *Rubinoff v. Exxon Corp. et al,* supra, 45 Somerset Legal Journal at 76, a conscious indifference to causing it, a virtual willingness to inflict it, even though the actor did not specifically intend to bring it about. See *Zawacki v. Pennsylvania Railroad Co.,* 374 Pa. 89, 97 A.2d 63 (1953); *Kasanovich v. George,* 348 Pa. 199, 34 A.2d 523 (1943). There are no facts pleaded here from which such recklessness can be inferred.

From the foregoing, it is not sufficient that the emotional distress be merely a byproduct of an intent or motivation to break a contract, which is the inferrence we draw from this pleading — a negligent causing of emotional distress rather than an intentional or reckless causation accompanied by the requisite mental state above described; physical harm is essential in such case, otherwise there is no tort. *Ramada Inn v. Shuglie (No. 2),* supra; Restatement (Second) of Torts §436 A.

For the reasons above set forth, plaintiffs plead no tort cause of action in count II, hence cannot recover therein either compensatory or punitive damages.

## ORDER

Now, June 11, 1986, it is ordered as follows:

(1) The preliminary objection to inclusion in count I of plaintiffs' complaint of the claim for punitive damages is sustained and said claim is stricken. All other preliminary objections to count I are overruled. Defendant is allowed 20 days to file a responsive answer to count I.

(2) The demurrer to count II of plaintiffs' complaint is sustained, and said count is dismissed.