J-A20017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LANDIS & SETZLER, PC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NORMAN AND MARJORIE AAMODT, H/W | |
| Appellants | No. 2433 EDA 2013 |

Appeal from the Judgment Entered October 31, 2013
In the Court of Common Pleas of Chester County
Civil Division at No(s): 11-14116

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                **FILED AUGUST 22, 2014**

Appellants, Norman Aamodt and Marjorie Aamodt, appeal *pro se* from the October 31, 2013 judgment entered in favor of Appellee, Landis & Setzer, PC, in the amount of $7,519.00 on its breach of contract claim against Appellants.  After careful review, we affirm on the basis of the well-reasoned November 12, 2013 trial court opinion authored by the Honorable Robert J. Shenkin.

We summarize the factual and procedural history of this case as follows.  Appellants hired attorney David Melman, Esquire (Attorney Melman) of Appellee law firm, to represent them in an ongoing appeal in the case of ***Aamodt v. Levin***, 947 A.2d 819 (Pa. Super. 2007) (unpublished

memorandum), *appeal denied*, 959 A.2d 318 (Pa. 2008).[1]  Appellants also hired Attorney Melman to represent them in the case on remand from the appeal to the Court of Common Pleas of Philadelphia County at civil docket no. 002368 (the Remand Case) regarding the molding of a verdict to include, *inter alia*, pretrial interest.  Appellants discharged Attorney Melman prior to the final hearing on molding their verdict in the Remand Case, where they proceeded *pro se*.[2]  A fee dispute then arose between Appellee and Appellants over unpaid charges for Appellee's representation during the aforementioned appeal.

Appellee initiated the instant action for unpaid fees before magisterial district judge, Mark Bruno, who entered a judgment in its favor and against Appellants in the amount of $6,141.00 on December 2, 2011.  Appellee filed a *de novo* appeal to the Court of Common Pleas on December 20, 2011.  On June 22, 2012, Appellee filed its complaint for breach of contract against Appellants.  Appellants filed an answer, new matter and counterclaim on July 13, 2012.  Appellants alleged it was Appellee who was in breach of contract

_____

[1] Appellee replaced Appellants' original attorney in that appeal in order to represent Appellants in opposing a motion for reconsideration and a petition for allowance of appeal.

[2] Appellants contend they were compelled to discharge Attorney Melman because he would not advocate their position as to what should be the proper commencement date for the calculation of pretrial interest due.  The substance of this difference of opinion is discussed more fully by the trial court in its November 12, 2013 Rule 1925(a) opinion, which we adopt herewith.

for failing to represent their position regarding the molding of the verdict in the Remand Case. Defendants' Answer, New Matter and Counterclaim, 7/13/12, at 3, 5, ¶¶ 12, 31. Appellants also made an averment of emotional damages. *Id.* at 5, ¶ 34.

The case proceeded to compulsory arbitration. On August 13, 2012, the Arbitrators entered an award in favor of Appellee for $9,411.12 on its complaint, and an award in favor of Appellee on Appellants' counterclaim. Appellants filed a notice of appeal from the arbitration award on September 11, 2012, and the matter proceeded to a two-day jury trial, commencing April 15, 2013. At the conclusion of testimony, the trial court granted Appellee's oral motion for directed verdict against Appellants on their counterclaim. Appellants filed timely post-trial motions, which the trial court denied on July 24, 2013. Appellants filed a notice of appeal on August 20, 2013.[3] Appellants and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

---

[3] Having been filed before the entry of judgment, Appellants' notice of appeal was premature. *See* Pa.R.A.P. 301. By *per curiam* order dated, October 24, 2013, this Court directed Appellants to praecipe for entry of judgment with the trial court prothonotary. Appellants complied on October 31, 2013, and judgment was entered. Thus, we now have jurisdiction over this appeal pursuant to Pa.R.A.P. 905(a)(5), which provides that "a notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." ***See American and Foreign Ins. Co. v. Jerry's Sports Ctr., Inc.,*** 948 A.2d 834, 842 n. 1 (Pa. Super. 2008) (under Rule 905(a)(5), subsequent entry of judgment perfected premature appeal), *affirmed*, 2 A.3d 526 (Pa. 2010).

On appeal, Appellants raise the following issues for our consideration.

1. Whether the [trial] court abused its discretion by directing a verdict in favour of [Appellee] and against [Appellants'] counterclaim upon [Appellee's] motion for non-suit,

a. where the court admitted that a jury could find [Appellee's] breach of contract but [Appellants] did not prove damages, whereas the court would not allow [Appellants'] evidence of damages in respect to [Appellee's] breach of contract to represent [Appellants'] position on molding their verdicts with interest, and/or to permit [Appellants'] full and fair testimony of emotional damages in respect to [Appellee's] breach of contract to represent [Appellants] in opposition to a petition for a charging lien, and/or where there were damages, by law, of [Appellants'] payment on a contract that was breached, and/or,

b. where the court thwarted [Appellants'] development of [Appellee's] testimony admitting fraud, overlooked tolling of the statute of limitations for filing a claim of fraud by [Appellee's] concealment of fraud until filing the instant claim, and/or

c. where the court demanded [Appellants] close of their case before their exhibits were entered, depriving [Appellants] of this evidence.

2. Whether the court abused its discretion by instructing the jury as to the evidence as to [Appellee's] claim,

a. by directing the jury on computation of the amount owed by [Appellants], and/or

> b.      by allowing [Appellee] to amend its claim in line with the amount the court instructed the jury was owed by [Appellants], and/or
>
> c.      by failing to instruct the jury to determine whether [Appellee] breached its contract and as to the applicable law for an award of damages of the amount [Appellants] paid on the contract.

3.      Whether the jury erred by finding in favour of [Appellee's] claim when the evidence before the jury showed [Appellee's] breach of contract.

Appellants' Brief at 4-5.

All of Appellants' issues stem from their central grievance that the trial court erred in granting Appellee's motion for directed verdict on Appellants' counterclaims and in allegedly frustrating Appellants' development of its evidentiary proffers relative to those claims.

> In reviewing a trial court's decision whether or not to grant judgment in favor of one of the parties, we must consider the evidence, together with all favorable inferences drawn therefrom, in the light most favorable to the verdict winner. Our standard[s] of review when considering the motions for a directed verdict and judgment notwithstanding the verdict [JNOV] are identical. We will reverse a trial court's grant or denial of a [directed verdict or JNOV] only when we find an abuse of discretion or an error of law that controlled the outcome of the case. Further, the standard of review for an appellate court is the same as that for a trial court.
>
> There are two bases upon which a [directed verdict or JNOV] can be entered; one, the movant is entitled to judgment as a matter of law and/or two, the evidence is such that no two reasonable minds could disagree that the outcome should have been

rendered in favor of the movant. With the first, the court reviews the record and concludes that, even with all factual inferences decided adverse to the movant, the law nonetheless requires a verdict in his favor. Whereas with the second, the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.

*Hall v. Episcopal Long Term Care*, 54 A.3d 381, 395 (Pa. Super. 2012), *quoting*, *Campisi v. Acme Mkts., Inc.*, 915 A.2d 117, 119 (Pa. Super. 2006), *appeal denied*, 69 A.3d 243 (Pa. 2013). Additionally, "an appellate court's standard of review of a trial court's evidentiary rulings is whether the trial court abused its discretion; however, where the evidentiary ruling turns on a question of law our review is plenary." *Buckman v. Verazin*, 54 A.3d 956, 960 (Pa. Super. 2012) (citation omitted), *appeal denied*, 77 A.3d 1258 (Pa. 2013).

Appellants begin their argument by asserting the trial court erred in determining that they failed to properly plead or prove a case for fraud within the relevant statute of limitation. Appellants' Brief at 19. "[Appellants] claimed fraud by incorporation (at paragraph 30 of the counterclaim) of [various paragraphs contained in their answer to Appellees' complaint] in which they allege [Appellee's] fraudulent misrepresentations or concealment." *Id.* at 19.

After careful review of Appellant's pleadings, we agree with the trial court that no claim of fraud was alleged by Appellants against Appellee. The

sections of their answer, referenced by Appellants as asserting a fraud claim, merely dispute factual assertions in Appellee's complaint. Defendants' Answer, New Matter and Counterclaim, 7/13/12, at 3-4, ¶¶ 13, 19, 22, 29; Appellants' Brief at 19-20. They do not aver any fraud in connection with the underlying relationship or transactions between the parties with sufficient particularity required by Pennsylvania Rule of Civil Procedure 1019(b).[4]

Appellants additionally assert, "[e]motional damages should have been available under the claim of fraudulent breach of contract." Defendants' Answer, New Matter and Counterclaim, 7/13/12, at 5, ¶ 27. We agree with the trial court that such damages are not recoverable in the instant action.

> [D]amages for emotional distress are not ordinarily allowed in actions for breach of contract. There are only two exceptions. The first is where the emotional distress accompanies bodily injury. This usually takes the form of an action in tort. The second exception occurs where the breach is of such a type that serious emotional disturbance is a particularly likely result.

_____

[4] The Rule provides as follows.

> **Rule 1019.  Contents of pleadings.  General and Specific Averments**
>
> …
>
> (b)   Averments of fraud or mistake shall be averred with particularity.  Malice, intent, knowledge, and other conditions of mind may be averred generally.

*Rittenhouse Regency Affiliates v. Passen*, 482 A.2d 1042, 1043 (Pa. Super. 1984) (citations omitted). Instantly, as discussed by the trial court, these exceptions do not apply. *See* Trial Court Opinion, 11/12/13, at 4-5.

Notwithstanding Appellants' failure to plead a cause of action for fraud, the trial court determined that Appellants' counterclaim, whether characterized as a cause of action for breach of contract or fraud, failed because Appellants did not establish they were damaged. *Id.* at 4-5. Appellants' chief contention is that Appellee agreed to represent them in the Remand Case, but failed to advocate the position Appellants wished to advance relative to the commencement date for pre-trial interest in molding the verdict.

> The Superior Court Order was the law of the case, having survived appeal. The trial court [in the Remand Case] violated the case law by failing to adhere to the Superior Court order in molding [Appellants'] verdicts.
>
> [The trial court in the instant case] committed gross error and abused [its] discretion by upholding the trial court decision [in the Remand Case] by finding it was correct and by upholding it over the Superior Court order.

Appellants' Brief at 26.

The trial court sets forth the factual and procedural history of the Remand Case in its November 12, 2013 opinion and concludes the following.

> Appellants disagree with the trial court's determination of the date from which pre-judgment interest began to accrue and it is that disagreement

> **— based upon a wholly flawed understanding of the law as well as a convenient failure to remember a critical fact** — that is at the crux of the present litigation.

Trial Court Opinion, 11/12/13, at 2 (emphasis in original).

We agree. In remanding the Remand Case for calculation of prejudgment interest, this Court did not make any determination of the correct commencement date to be employed, rather we held that the trial court erred in holding the damages were "indefinite", concluding prejudgment and post-judgment interest "can be determined with a reasonable amount of certainty and through an audit to calculate the amounts due," and, therefore, remanded for said calculation. *Aamodt*, *supra* at 10. Consequently, the Panel's decision did not constitute the law of the case as to that determination. Further, Appellants did not appeal the trial court's decision in the Remand Case and the doctrine of collateral estoppel precludes a relitigation of that judgment in the instant proceeding.

> Under the doctrine of collateral estoppel, … [where] the second action is upon a different cause of action[,] the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action. Modern collateral estoppel doctrine no longer requires mutuality; a litigant who was not a party to the initial litigation may now use collateral estoppel offensively in a new suit against the party who lost on the decided issue in the initial case.

*In Re Stevenson*, 40 A.3d 1212, 1222 (Pa. 2012) (internal quotations, citations, and footnote omitted).

Appellants, in their final issue, contend the trial court erred in its instruction to the jury. Appellants' Brief at 27-28. Essentially, Appellants merely recast their argument that their counter claim against Appellees for breach of contract should have been submitted to the jury. "A party to a contract will not be heard to accuse the other party of breaching the contract when the other party's actions are the result of the other party's breach of the agreement." Appellants' Brief at 28, *citing Archer v. State Farm Ins. Co.*, 615 A.2d 779, 785 (Pa. Super. 1992), *appeal denied*, 629 A.2d 1375 (Pa. 1993). As the grant of Appellee's motion for directed verdict was proper for the reasons outlined above, there was no occasion for the trial court to instruct the jury on those claims.

After careful review of the entire record, we conclude that the trial court's thorough and well-reasoned November 12, 2013 Rule 1925(a) opinion of the Honorable Robert J. Shenkin fully sets forth Appellants' claims, identifies the proper standard of review, discusses the relevant law and explains the basis for its conclusion that said claims lack merit. Accordingly, we discern no error or abuse of discretion which could afford Appellants relief. In as much as the conclusions expressed in said opinion, regarding Appellants' failure to make out a case for fraud, the inadmissibility of evidence of emotional damages, Appellants' failure to establish any damages for any alleged breach of contract by Appellee, and the adequacy of the evidence supporting the jury's verdict comport with ours, we adopt it

as our own for purposes of further appellate review. *See* Trial Court Opinion, 11/12/13.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2014

LANDIS & SETZLER, P.C.,   :   IN THE COURT OF COMMON PLEAS
      Plaintiff         :   CHESTER COUNTY, PENNSYLVANIA

       VS.         :   No. 11-14116

NORMAN AAMODT, et al.,   :
      Defendants     :   CIVIL ACTION

Guy A. Donatelli, Esquire, Attorney for Plaintiff
Defendants, *pro se*

## OPINION

Defendants have filed an appeal from our order dated July 22, 2013, and docketed July 24, 2013, wherein we denied defendants' motion for post-trial relief.[1] Judgment appears to have been belatedly entered on October 31, 2013, and, therefore, pursuant to the procedures of the Superior Court, the notice of appeal will be treated as if filed after the entry of judgment. Pursuant to Pa.R.A.P. No. 1925(a), we herewith file this opinion setting forth the reasons for our order.

Following the filing of the appeal, appellants were directed to file a concise statement of the errors complained of on appeal and have done so. However, just as with appellants' claims at trial, appellants' appellate claims are entirely without merit. Underlying appellants' claims at trial as well as on appeal is the strongly held but erroneous belief as to when interest begins to accrue on a claim.

In order to understand the present case and appellants' appellate claims, it is helpful to review their trial claims. Appellants were retained as expert witnesses in a prior action but were not fully paid for their services. They brought suit against the lawyers who hired them,

---

[1] Defendants' had filed an earlier appeal at 1525 EDA 2013 which was quashed by order filed July 16, 2013. The present appeal is docketed at 2433 EDA 2013.

1

none of whom are parties in the present case. Appellants prevailed at trial against the lawyers who had hired them but the judge in that case did not award pre-judgment or post-judgment interest. On appeal, cases number 349 EDA 2007 and 378 EDA 2007, the Superior Court held that they were entitled to pre-judgment and post-judgment interest and remanded the case to the trial court to mold the verdict to include pre-judgment and post-judgment interest. Upon remand, the trial court awarded pre-judgment interest from the date the trial court found payment to appellants had become due. (Post-judgment interest is not an issue.) Appellants disagree with the trial court's determination of the date from which pre-judgment interest began to accrue and it is that disagreement — **based upon a wholly flawed understanding of the law as well as a convenient failure to remember a critical fact** — that is at the crux of the present litigation. Appellants contended at the prior trial and continue to contend in this trial that they are entitled to interest from the date they provided services to the lawyers who had hired them. But appellants acknowledged at the trial against their prior lawyers that they had agreed to defer payment until a later time[2] and that the agreement to defer payment made no mention of interest or when interest was to be paid. The trial court found that appellants had agreed to defer payment from the prior lawyers and that, therefore, they were entitled to pre-judgment interest only from the deferred date upon which payment became due. As appellants put it in their "trial plan", they "were deprived of interest which had accrued on their verdicts from the time of performance of services from 1987 through March 3, 2003, the date to which the [prior lawyers] alleged they needed to defer payment of balances owed." Appellants' "Trial Plan" at paragraph 29. Appellants' entire claim against Appellee is that he failed to argue their

---

[2] Apparently this assertion by appellants was beneficial to them at that trial if not absolutely necessary to avoid having their claims barred.

2

position before the trial court in the prior case. Since such argument would have failed, appellants cannot have been damaged by the failure of appellee to present such argument.

Appellants have fixated on analogizing themselves to a bank and arguing that a bank collects interest from the date it makes a loan to a borrower. It is probably true that a bank collects interest from the date it makes a loan but, if it does, that is only because it has an agreement, generally in writing, with the borrower that the borrower will pay interest from the date the funds are borrowed. A more apt analogy is to a contractor who agrees to perform services and agrees that payment for those services is due upon completion of the work. Assuming that the contractor performs the agreed upon services but is not paid and then sues to collect payment, the contractor will be entitled to pre-judgment interest from the date payment was due, not the date upon which the services were performed.

In any event, appellants hired appellee to perform certain legal services and agreed to pay appellee for those services. The evidence was more than sufficient for the jury to find that appellee did perform services for which appellee was entitled to payment and to support the jury's verdict as to the amount due from appellants to appellee.

Likewise, there was no evidence presented from which a jury could have found that there was any fraudulent conduct by appellee, even if a claim for fraud had been pled, which it was not, or that appellee was liable to appellants for harassment or for filing a frivolous appeal, which are the claims set forth in appellants' counterclaim. Appellants also complain that they were not allowed to prove "emotional damages" stemming from appellee's alleged breach of contract but such evidence is not permissible because such damages are not recoverable based upon a claim of breach of contract. Finally, even if appellants had retained appellee for the purpose of presenting a specific argument to the trial court in the prior action and appellee

3

particularly likely result. *Ibid.* None of these conditions pertain to this case. Finally, on this issue, we did rule that as a matter of law appellants were not damaged by the alleged breach of contract. Viewing the evidence in the light most favorable to appellants, they had a contract with appellee pursuant to which appellee would present argument that appellants were entitled to pre-judgment interest on their verdict against defendants in the prior action from the time appellants performed services for those defendants and not from the time payment was due. Since, as a matter of law, interest is due only from the time payment was due, presenting an argument to the contrary would have been useless. See RESTATEMENT OF CONTRACTS 2D §354. In the prior case the defendants did not pay appellants herein monies that were due to appellants. In such cases, interest is due from the time the monies were due to be paid. "Interest is not payable as damages for non-performance until performance is due." RESTATEMENT OF CONTRACTS 2D §354, comment b. In the prior case, appellants herein agreed to defer their right to receive payment. Thus, they were entitled to be paid according to their agreement. When they were not paid, they became entitled to pre-judgment interest from the date upon which they should have been paid. Appellants contend, however, that they were entitled to pre-judgment interest from the date they performed services as if they had never agreed to defer their right to receive payment. Although appellants argue that their agreement to defer their right to receive payment did not amount to an agreement to not receive interest, that position is untenable. The deferment agreement was silent as to interest. Appellants acknowledge that there is not written agreement with respect to interest and do not even contend that there was an oral agreement with respect to the payment of interest. In the absence of a specific agreement, written or oral, that interest will begin to accrue on a certain date even if not payable until a later date, interest does not become payable until the date for

failed to do so, appellants cannot have been damaged by appellee's failure as the argument which appellants desired to have presented is legally incorrect.

Turning to the claims set forth in appellants' concise statement, appellants set forth three (3) issues with the first two of the issues each having 3 subparts. The first issue appears to contend that we erred in granting a non-suit as to appellants' counterclaim on the basis that we failed to allow appellants' evidence of damages, we thwarted appellants' development of appellants' claim for fraud and demanded that appellants close their case before their exhibits were entered. These contentions are without merit.

Taking the claims in reverse order, the record will not support the contention that we "demanded" that appellants' close their case before their exhibits were entered. We do not know exactly how appellants' contend that we "thwarted" the development of testimony with respect to fraud but we do know that appellants did not plead a claim for fraud. Moreover, they did not prove or offer to prove any misrepresentation, much less a fraudulent utterance thereof. Nor did appellants prove any damage as a proximate result of any fraudulent representation. See, *e.g.*, *V-Tech Services, Inc. v. Street*, 2013 PA Super 166, 72 A.3d 270 (2013). Appellants did not prove the elements of fraud at all, much less by evidence that is clear and convincing. *Ibid.* It is true that we did not allow evidence of "emotional damages" but in so doing we did not err as damages for breach of contract do not include such things as "emotional damages" except, perhaps, if there is a special relationship, not here present, based upon an implied duty to care for a party's emotional well-being, also not here present. *Toney v. Chester County Hospital*, 614 Pa. 98, 36 A.3d 83 (2011). See also RESTATEMENT OF CONTRACTS 2D § 353. In actions for breach of contract, damages for emotional distress are not permitted unless the breach also caused bodily harm or the breach is such that serious emotional disturbance was a

4

payment has arrived and the required payment is not made. If appellants will simply accept this principle of law, this case goes away.

Appellants' second issue is that we erred "by instructing the jury as to the evidence as to the [appellee's] claim. This issue is without merit as we did not improperly instruct the jury and is waived as no objection to the charge was timely made. A "party must make a timely, specific objection in order to preserve a challenge to the trial court's jury charge. *Faherty v. Gracias*, 874 A.2d 1239, 1249 (Pa.Super.2005)." *Cave v. Wampler Foods, Inc.*, 2008 PA Super 267, 961 A.2d 864, 870 (2008).

Finally, appellants contend that "the jury erred by finding in favour of the Plaintiff's claim when the evidence before the jury showed the Plaintiff's breach of contract." We interpret this issue to be a contention that the verdict was against the weight of the evidence. It was not. A challenge to a verdict based upon the contention that the verdict is against the weight of the evidence can result, at best, in the grant of a new trial. It is our duty to grant a new trial when we believe that the verdict was against the weight of the evidence and resulted in a miscarriage of justice. "[A] new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. *Armbruster v. Horowitz*, 744 A.2d 285, 287 (Pa.Super.1999), *aff'd*, 572 Pa. 1, 813 A.2d 698 (2002)." *Empire Trucking Co., Inc. v. Reading Anthracite Coal Co.*, 2013 PA Super 148, 71 A.3d 923, 937 (2013). Not only was this verdict not against the weight of the evidence, a contrary verdict likely would have been.

In summary, the allegations of appellants' counterclaim are that appellee breached a contract with appellants, harassed appellants to pay money that appellee knew was not owed,

and filed a frivolous appeal. As a result, appellants claim that they "have suffered emotional, physical and financial damages." Appellants' counterclaim at page 5. The evidence did not sustain a finding of harassment or the filing of a frivolous appeal. (Appellants have proceeded as if they had pled a claim for fraud, which they did not, but even if they had, no fraud was proven.) The evidence does not sustain a finding that appellants suffered financial damages from a breach of contract, even if there were one, and emotional and physical damages are not recoverable on a claim for breach of contract. Furthermore, the decision of the trial court in the prior action cannot be collaterally challenged in this case and in order for appellants to recover in this case they would have to prove that the decision of the trial court in the prior action was legally incorrect. They cannot do so not only because they are barred from even attempting to do so but also because the decision of the trial court as to when interest began to accrue is absolutely correct and appellants' position on the merits of that issue is completely erroneous.

For the foregoing reasons, we entered the order from which this appeal has been taken.

BY THE COURT:

_____ J.

Robert J. Shenkin

Date: _November 7, 2013_

7