429 A.2d 726

**DANIEL ADAMS ASSOCIATES, INC. and Daniel Adams, Appellants,**

v.

**RIMBACH PUBLISHING INC. and Richard J. Rimbach, Jr.**

Superior Court of Pennsylvania.

Argued March 19, 1980.

Filed May 15, 1981.

Bernard M. Berman, Media for appellants.

George J. McConchie, Media, for appellees.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Delaware County, Civil Division, in which the lower court granted defendant's Preliminary Objections dismissing plaintiffs' claims for punitive damages and also dismissed the individual plaintiff, Daniel Adams, from the case.

A demurrer to a complaint admits all well pleaded facts and inferences reasonably deducible therefrom. In order to sustain a demurrer it must be certain that the law will not permit recovery upon the facts pleaded, all of which are to be taken as true. *Tannenbaum v. Sears, Roebuck & Co.*, 265 Pa.Super. 78, 401 A.2d 809 (1979).

The complaint alleges that Daniel Adams and Richard Rimbach entered into an oral agreement in 1968 whereby Rimbach was to pay Adams 20% of the advertising revenue Adams could generate selling advertising in Rimbach's Magazines to subscribers in eastern Pennsylvania, southern New Jersey, Delaware, Virginia and Washington, D.C. The complaint further alleged that Adams spent most of his time selling said advertising and that through his efforts the advertising revenue of his territory increased from $950 in 1968 to $218,012 in 1977. The complaint then went on to allege that although the oral agreement permitted Adams to continue to sell for Rimbach "indefinitely" or unless his services were "terminated for just cause" that Rimbach unilaterally terminated the agreement without "just cause"

on July 6, 1978. The complaint contained five (5) counts: a count claiming $18,085.49 for unpaid commissions; a count for in excess of $10,000 on an unjust enrichment theory; a count for in excess of $10,000 based upon a detrimental change in position; a count for wrongful interference with a business relationship; a count for the present worth of future compensation due (part of Count I); and Count V for punitive damages in excess of $10,000.

The complaint also alleges in Paragraph 6 thereof that in 1971 the individual plaintiff, Daniel Adams, was succeeded as a party to the contract by the corporate plaintiff, Daniel Adams Associates, Inc. This allegation is included in all five counts of the complaint. The complaint also alleges that this set up was ratified by the defendant and his successor to the agreement Rimbach Publishing, Inc. Since it is clear that the plaintiffs' own complaint alleges that Daniel Adams' rights under the 1968 oral agreement were "taken over" and "succeeded" by the corporate plaintiff Daniel Adams Associates, Inc. the court was correct in granting defendants' demurrer to all counts of the complaint insofar as Daniel Adams, the individual, is concerned.

The court was also correct in granting both defendants' demurrers to Count V of the complaint which demanded punitive or compensatory damages. The complaint merely alleged that defendants' termination of the agreement without just cause was "solely motivated by a malicious intent to cause harm to" plaintiffs. Nothing else is alleged in the complaint which tends to support plaintiffs' allegations. Of course, a plaintiff may state in his complaint two or more causes of action which arise from contract or are quasi-contractual. *Pa. Rule Civil Pro. 1020.* Thus, assumpsit and trespass actions arising out of the same transaction may be pleaded as separate counts in the same complaint. However, punitive damages will not be assessed for a breach of mere contractual duties. *Iron Mountain Sec. Storage Corp. v. American Specialty Foods, Inc.*, 457 F.Supp. 1158, CDC Pa. (1978). Only where the person who breaks a contract also breaches some duty imposed by society will

compensatory or punitive damages be imposed against the wrongdoer in order to punish the wrongful act and in order to serve as a deterrent. Since no further facts tending to support plaintiffs' claims for punitive damages were averred in the complaint, we hold that the court was correct in granting defendants' demurrers to this part of the complaint.

Order affirmed and remanded for further proceedings.