## Gollick v. Amsley

*Henry F. Coyne*, plaintiff.
*Marcus A. McKnight, III*, for defendant.

BAYLEY, *J.*, November 1, 1984—Plaintiff filed an amended complaint in assumpsit and trespass claiming that defendant induced her to purchase a mobile home for a set price upon an intentional fraudulent misrepresentation that the mobile home was a 1983 model when, in fact, he knew it was a 1981 model. There is a count for recission and a

count alleging fraud and misrepresentation which demands the return of her funds plus consequential damages, punitive damages and counsel fees.

Plaintiff's complaint avers that she purchased the home relying on the intentional fraudulent misrepresentations of defendant as to the model year of the home and that these misrepresentations were made with "bad motives, reckless indifference to the interest of the plaintiff, and were malicious, wanton, and outrageous."

Defendant's preliminary objections are in the form of a demurrer and a motion to strike the claims for punitive damages and counsel fees.

In Smith v. Brown, 283 Pa. Super. 116, 423 A.2d 743 (1980), the Superior Court held:

"Pennsylvania is a fact pleading state. Pa.R.C.P. 1019(a). A complaint must not only give defendant notice of what plaintiff's claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim. Baker et al. v. Rangos et al., 229 Pa. Super. 333, 324 A.2d 498 (1974).

"An essential fact needed to support a claim for punitive damages is that defendant's conduct must have been outrageous. Outrageous conduct is an 'act done with a bad motive or with a reckless indifference to the interests of others.' Focht v. Rabada, 217 Pa. Super. 35, 38, 268 A.2d 157, 159 (1970), citing comment (b) to section 908 of the Restatement of Torts.

" 'Reckless indifference to the interests of others,' or as it is sometimes referred to, 'wanton misconduct,' means that 'the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow.' "

Evans v. Philadelphia Transportation Company, 418 Pa. 567, 574, 212 A.2d 440, 443 (1965).

The Superior Court held in Daniel Adams Assoc. v. Rimbach Pub. Inc., 287 Pa. Super. 74, 429 A.2d 726 (1981), that punitive damages will not be assessed for a breach of mere contractual duties and a complaint that only alleges that defendant's conduct was "solely motivated by a malicious intent to cause harm to" plaintiffs is subject to a demurrer upon a claim for punitive damages.

We believe that the amended complaint in the present case does aver facts to sufficiently allow plaintiff's claim for punitive damages to proceed to trial. Plaintiff alleges more than a mere breach of contractual duty by defendant; she avers that defendant intentionally misrepresented facts to her with an intent to defraud her when he induced her to pay a given amount of money for a mobile home when in fact he knew that the home was two years older than represented. These are facts which, if proven, would allow a jury to conclude that defendant's conduct was outrageous; that is, done with a bad motive or with a reckless indifference to the interest of plaintiff. Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355 (1963), citing Restatement of Torts, §908(1), comment (b).

This case is even stronger than Lowy v. Mudrey, 18 Mercer L.J. 222 (1980). That was an assumpsit and trespass claim based upon allegations by plaintiffs that defendants who sold them a house failed to inform them of various defects. The opinion of President Judge Stranahan held that averments in the complaint alleging that defendants knew of the various defects and that they never informed plaintiffs of those defects would, if proven, support a claim for punitive damages.

Defendant also moves to strike plaintiff's claim for counsel fees. Plaintiff has cited no authority for the award of counsel fees should plaintiff be successful in this action, nor has our research revealed any. See 42 Pa.C.S. §2503.

Based upon the foregoing, the following order is entered.

## ORDER OF COURT

And now, this November 1, 1984, plaintiff's claim in her amended complaint for counsel fees is stricken. Defendant's preliminary objections in the form of a demurrer and a motion to strike plaintiff's claim for punitive damages are dismissed.