**WESTERN ESSEX CORPORATION, a Pennsylvania Corporation t/d/b/a Suburban Cash Register Company, Plaintiff,**

v.

**CASIO, INC. a New York Corporation, Defendant.**

**Civ. A. No. 87–1648.**

United States District Court, W.D. Pennsylvania.

Oct. 27, 1987.

Joseph M. Kulik, Pittsburgh, Pa., for plaintiff.

Bernard D. Marcus, Pittsburgh, Pa., Michael G. Shannon, Summit Rovins & Feldesman, New York City, for defendant.

## OPINION

### GERALD J. WEBER, District Judge.

Defendant has filed a motion to dismiss various aspects of plaintiff's complaint. Assuming all well-pleaded facts of the complaint to be true for the purposes of this motion, we address seriatim the issues raised by defendant.

### A) PUNITIVE DAMAGES

In Count I, plaintiff pleads breach of contract, but includes allegations of maliciousness on the part of defendant and demands an award of punitive damages.

Plaintiff spends 10 pages of his brief debating choice of law, but the end result is that plaintiff's claim for punitive damages in Count I is unavailable under either New York or Pennsylvania law, plaintiff apparently conceding the former.

■ In Pennsylvania, punitive damages are ordinarily not recoverable on breach of contract claims. It is only where the defendant's conduct gives rise to an *independent* tort claim that punitive damages may be available. *Daniel Adams Associates v. Rimbach Publishing Inc.*, 287 Pa.Super. 74, 429 A.2d 726, 728 (1981).

Here, plaintiff claims punitive damages in Count I under breach of contract, which is clearly inappropriate, and so that portion of plaintiff's claim for relief will be stricken from Count I. Plaintiff has pled tortious interference with contractual relationships in Counts II and III, but inexplicably pleads a claim for punitive damages only in Count III. In Pennsylvania punitive damages appear to be available in such tort claims. See *Temporaries, Inc. v. Krane*, 325 Pa.Super. 103, 472 A.2d 668 (1984), and Restatement 2d, Torts, § 774A, Comment. Whether New York law applies to the tort claims and would bar such punitive damages claims is not apparent from defendant's brief because its motion and brief address only the punitive damages claim in Count I.

### B) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS (CUSTOMERS)

Count II charges defendant with intentionally interfering with plaintiff's relationship with various third parties, i.e. customers. Defendant challenges the pleading of this claim, but while plaintiff's Complaint is not a model of clarity, in the context of notice pleading it adequately avers the necessary elements of the claim.

### C) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP (EMPLOYEE)

In Count III, plaintiff alleges that defendant attempted on various occasions to lure away a valued employee of plaintiff. It is clear from the face of the complaint that these attempts were unsuccessful.

■ It is axiomatic that plaintiff must allege some injury. Plaintiff's citation of *Consolidation Coal Co. v. District 5, UMWA*, 336 Pa.Super. 354, 485 A.2d 1118 (1984), for the premise that the *attempt alone* is sufficient to establish a cause of action in this situation, mischaracterizes that decision. The Court simply decided that a plaintiff need not allege permanent interruption of the employment relationship: interruption of a month, a week, or a day is actionable. But here, plaintiff fails to allege any injury whatsoever from defendant's unsuccessful attempt to lure away its employee. Count III will therefore be dismissed.

### D) RESTRAINT OF TRADE

Again defendant's challenges to plaintiff's pleading pale in the context of notice pleading. The Complaint adequately alleges circumstances which may permit recovery on Count IV. Discovery will refine the issues and may present the opportunity for defendant to renew its points on a well supported motion for summary judgment.

### CONCLUSION

Defendant's motion to dismiss will be granted in part and denied in part as out-

**10**

lined above. An appropriate order will be entered.

### ORDER

AND NOW in accord with the accompanying Opinion, IT IS HEREBY ORDERED:

a) Plaintiff's claim for punitive damages in Count I is STRICKEN.

b) Defendant's motion to dismiss Counts II and IV is DENIED.

c) Defendant's motion to dismiss Count III is GRANTED.

d) Defendant shall file an Answer to the Complaint on or before November 13, 1987.