**PARK INSURANCE AGENCY, INC.**

v.

**NATIONAL GRANGE MUTUAL INSURANCE COMPANY.**

Civ. A. No. 88–3263.

United States District Court, E.D. Pennsylvania.

March 1, 1989.

Kevin William Gibson, Philadelphia, Pa., for plaintiff.

Alan Garber, Boston, Mass., and Colin Vroome, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FULLAM, Chief Judge.

The Pennsylvania Automobile Insurance Act makes it unlawful for any automobile insurer to cancel an insurance policy, or refuse to write or renew an insurance policy, because of "residence or operation of a motor vehicle in a specific geographic area". 40 Pa.S.A. § 1008.3(a)(2) (Purdon's Supp.1988). A related statute, the Unfair Insurance Practices Act, 40 Pa.S.A. § 1171.5 (Purdon's Supp.1988) prohibits, as an "unfair or deceptive act or practice" discrimination "by reason of ... place of residence" in the issuance of automobile insurance policies.

In 1982, plaintiff entered into an agency agreement with the defendant, and undertook to sell casualty insurance on behalf of the defendant in exchange for commissions. Plaintiff alleges that, in 1985, the defendant decided that it would no longer issue automobile insurance policies to Philadelphia residents. When plaintiff complained about this "red-lining" violation of the statutes quoted above, the defendant terminated the agency agreement. Plaintiff has brought this action for breach of contract, and, *inter alia,* has asserted a claim for punitive damages. The defendant has filed a motion for partial summary judgment, on the ground that punitive damages are not recoverable in this breach-of-contract action.

The general rule in Pennsylvania undoubtedly is that punitive damages may not be recovered in actions for breach of contract. *See, e.g., Baker v. Pa. Nat'l Mut. Casualty Ins. Co.,* 370 Pa.Super. 461, 469–70, 536 A.2d 1357, 1361 (1987), *allocatur granted,* 519 Pa. 663, 548 A.2d 253 (1988). Plaintiff seeks to bring this case within an exception which has been suggested for contract breaches which also amount to violations of settled public policy. *See, e.g., Daniel Adams Associates v. Rimbach Publishing, Inc.,* 287 Pa.Super. 74, 77–78, 429 A.2d 726, 728 (1981) ("only where the person who breaks a contract also breaches some duty imposed by society will ... punitive damages be imposed against the wrongdoer in order to punish the wrongful act and in order to serve as a deterrent"). A similar view was expressed in *Patterson v. Marine National Bank,* 130 Pa. 419, 18 A.632 (1889). I am not, however, aware of any case in which such recovery has been actually permitted, in a contract action.

The two statutes mentioned above undoubtedly reflect a strong public policy in Pennsylvania against "red-lining" by insurance companies. And I am prepared to assume that Pennsylvania has a similar interest—though perhaps not quite as strong—in encouraging private parties to complain about red-lining by others. But the primary victims of red-lining are the persons denied insurance coverage because of their place of residence; and neither of the Pennsylvania statutes mentioned above includes private litigation as a means of enforcement. Insofar as the Unfair Insurance Practices Act is concerned, the Supreme Court of Pennsylvania has held that, in view of the absence of any express authorization of private lawsuits, no private right of action can be implied. *D'Ambrosio v. Pennsylvania Nat'l Mut. Ins. Co.,* 494 Pa. 501, 431 A.2d 966 (1981); *see also Trustees of the University of Pennsylvania v. Lexington Ins. Co.,* 815 F.2d 890 (3d Cir.1987). Given the similarity of the two statutory schemes, I am confident that the Pennsylvania Supreme Court would reach a similar conclusion under the Automobile Insurance Act.

If the persons most directly harmed by red-lining cannot sue for violations of these statutes, there is no reason to suppose that persons only indirectly harmed by such violations—such as insurance agents, like plaintiff, deprived of commissions because of red-lining—would fare any better. I am satisfied, therefore, that plaintiff cannot maintain a private cause of action against the defendant for violation of either or both statutes; they can be enforced only by the Insurance Commission. That being so, it follows that plaintiff cannot rely upon the claimed statutory violations as a basis for

recovering punitive damages in a breach-of-contract action. And, since no other basis for punitive imposition has been suggested, I conclude that plaintiff is relegated to compensatory damage claims. Defendant's motion for partial summary judgment will therefore be granted.