Douglas **MANGIE** and Deborah Wesley

v.

**NORTH CITY TRAVEL** and **TravAlaska Tours.**

No. C88–2936–Y.

United States District Court, N.D. Ohio, E.D.

Dec. 5, 1989.

Dale J. Belock, Cleveland, Ohio, for plaintiffs.

V. Lee Sinclair, Jr., Amerman, Burt & Jones, Canton, Ohio, and Theodore M. Munsell, Jeffrey J. Jurca, Columbus, Ohio, for defendants.

BATTISTI, Chief Judge.

After Plaintiffs Douglas Mangie ("Mangie") and Deborah Wesley ("Wesley") discovered that their two week tour through Alaska was geered towards relaxing, rather than extensive, scenic wanderlust, they filed a breach of contract suit in federal court. Defendant travel agencies North City Travel ("North City") and TravAlaska Tours ("TravAlaska") have separately filed Motions to Dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).[1] For the following reasons, the Complaint is Dismissed for lack of jurisdiction under Rules 12(b)(1) and 12(h)(3).

Before reaching Defendants' argument over the amount in controversy, the Court *sua sponte* notes the defective pleading of "citizenship" under 28 U.S.C. §§ 1332(a), (c). It is settled that a court may examine materials outside the Complaint to determine whether subject matter jurisdiction exists. *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947). If, as it appears, that Defendants are corporations—See Affidavit of Elinore Snyder, President of North City Travel, Ltd. (Aff., ¶ 1), then corporate "citizenship," which includes the state of incorporation and principal place of business, must be affirmatively pleaded by the party invoking federal jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Acwoo International Steel Corp. v. Toko Kaiun Kaish, Ltd.*, 840 F.2d 1284, 1290 n. 6 (6th Cir.1988); *Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir.1985) ("law demands strict adherence" to statute); *Wojan v. General Motors Corp.*, 851 F.2d 969, 974–75 (7th Cir.1988); Fed.R.Civ.P 8(a)(1). The Complaint is woefully deficient in this respect: Plaintiffs "reside" in Ohio, the travel agencies are "located" in Pennsylvania and Washington state, respectively. *See* Complaint, ¶¶ 1–5.

As Defendants have argued, the second jurisdictional defect concerns the insufficient amount in controversy. Their argument, properly framed, is that Plaintiffs' claims do not to a "legal certainty" exceed the required jurisdictional amount of $10,000 under § 1332.[2] *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). The legal certainty test is met when a specific rule of law or measure of damages limits the amount of damages recoverable. *North American Transp. & Trading Co. v. Morrison*, 178 U.S. 262, 20 S.Ct. 869, 44 L.Ed. 1061 (1900) (breach of contract); *See also* C. Wright, A. Miller, & E. Cooper, 14A *Federal Practice and Procedure*, § 3702, at 49–50 & n. 68.

Since *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court sitting in diversity applies the choice of law rules of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487, 61 Ct. 1020, 85 L.Ed. 1477 (1941).

Under the choice of law rules of Ohio—the forum state, absent an express choice of law by the parties, the law of the state where the contract is made governs interpretation of the contract. *Nationwide Mut. Ins. Co. v. Ferrin*, 21 Ohio St.3d 43, 21 O.B.R. 328, 487 N.E.2d 568 (1986); *Gries Sports Enterprises, Inc. v. Modell*, 15 Ohio St.3d 284, 15 O.B.R. 417, 473 N.E.2d 807, *cert. denied*, 473 U.S. 906, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985). Here, the contract between Plaintiffs and the North City was made either in Ohio or Pennsylvania. If Ohio contract law governs, her Courts have consistently adhered to the specific rule of contract law that punitive damages are usually unavailable for breach of contract. *See Davis v. Tunison*, 168 Ohio St. 471, 7 O.O.2d 296, 155 N.E.2d 904 (1959); *Battista v. Lebanon Trotting Ass'n*, 538 F.2d 111, 118 & n.9 (6th Cir.1976) (citing 16 O.Jur.2d *Damages*, § 157 n.8 (rev. ed. 1971)); *Olbrich v. Shel-*

---

**1.** This disposition moots consideration of the motions under Rules 12(b)(2), (b)(3), (c), and 56.

**2.** Since May 19, 1989, the matter in controversy must exceed $50,000, exclusive of interest and costs. Act of November 19, 1988, Pub.L. 100–702, 102 Stat. 4646.

by *Mut. Ins. Co.*, 13 Ohio App.3d 423, 13 O.B.R. 510, 469 N.E.2d 892 (1983). Although punitive damages may be awarded in tort actions involving fraud, malice, or insult—*Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987), breach of contract alone is not a tort in Ohio. *Olbrich, supra*, at 425, 13 O.B.R. at 513, 469 N.E.2d at 895 (citing *Ketcham v. Miller*, 104 Ohio St. 372, 136 N.E. 145 (1922)). In extreme circumstances—notably in insurer breach of insurance contracts, lower Ohio Courts have loosened the rigid *Ketcham* holding where the acts constituting the breach are extreme, totally unreasonable and oppressive, and amount to an independent, willful tort. *See Olbrich, supra*, at 424, 13 O.B.R. at 512, 469 N.E.2d at 894–95. Like Ohio, Pennsylvania follows the general rule of denying punitive damages in actions *ex contractu*. *See Western Essex Corp. v. Casio, Inc.*, 674 F.Supp. 8, 9 (W.D.Pa.1987) (citing *Daniel Adams Associates v. Rimbach Publishing Inc.*, 287 Pa.Super. 74, 429 A.2d 726, 728 (1981)); 25 C.J.S. *Damages*, § 120 at 1126–27. Thus, unless the facts are extreme, or amount to an independent tort, punitive damages for breach of contract are unavailable to a legal certainty. Without sufficient facts in the Complaint, the *ad damnum* clause alone (which prays for punitive damages) cannot confer subject matter jurisdiction. *North American Transp., supra* at 267, 20 S.Ct. at 872, 44 L.Ed. at 1064.

In the case *sub judice*, Plaintiffs allege their one week trip, having a value of $4000, was inadequate and not part of their agreed itinerary because it did not include an extensive nature and wildlife tour of certain regions in the State of Alaska. Complaint, ¶¶ 7–10. Midway through the trip, Plaintiffs demanded a corrected itinerary and compensation from both Defendants, who refused Plaintiffs' demands. *Id.*, at ¶¶ 10–11. Plaintiffs incurred an additional, but unspecified $500 in expenses because of the trip's inadequacies, and were unable to take photographs of nature scenes, having an estimated value of $4500. *Id.*, ¶¶ 12–13. Plaintiffs have tacked onto this damage sum of $9000 a redundant claim for Defendant's continued refusal to compensate Plaintiffs for the breach of contract (under a breach of contract theory) and a demand for punitive damages of $20,000. *Id.*, ¶¶ 15–17. The Court agrees with Defendants that the punitive damages claim is purely bootstrapping to reach the jurisdictional amount. Despite these Motions to Dismiss, Plaintiffs have proferred merely their itinerary and an affidavit showing no further evidence of damages. Thus, Plaintiffs do not, to a legal certainty, exceed the jurisdictional amount of $10,000.

Accordingly, for these reasons, the Complaint is Dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.