# Doyle v. Larsen

*Peter E. Marsh* and *Eugene C. Kelley*, for plaintiffs.
*Michael Reed*, for defendant.

MUNDY, *J.*, July 16, 1991—This matter is before the court on the preliminary objections filed by the captioned defendant, Louis F. Larsen.

Plaintiffs initiated this cause of action by written complaint filed on March 12, 1991 and by a subsequent amended complaint which was filed on April 19, 1991. The later pleading is the subject matter of defendant's preliminary objections.

Plaintiffs' claim as set forth in their amended complaint arises from an agreement of sale between the parties for the purchase of premises known as Block 9, Lots 16, 64, 65 and 66 at Indian Lake, Buck Township, Luzerne County, Pennsylvania. The agreement is attached to the complaint as Exhibit "A."

It is evident from the document that plaintiffs agreed to purchase the premises for $12,000 and that the sum of $1,200 was tendered as a down payment to be held in escrow until closing. One of the terms of the agreement was that the township must approve the conveyance set forth, as follows:

"(No. 5) If the sale and purchase cannot be completed under this agreement due to refusal of a

municipal board or officer to grant the necessary approval, the deposit money paid herewith shall be returned to purchaser and this agreement shall be null and void." See plaintiffs' complaint, Exhibit "A," paragraph 5.

Plaintiffs aver that despite their request, the township has denied approval of the conveyance and as a consequence the deposit monies are due or payable to them. Plaintiffs also aver that they have demanded the monies back but that defendant refuses to repay the monies. Concurrently, plaintiffs demand judgment under the agreement in the sum of $1,200.

In the second count of their complaint, plaintiffs aver, inter alia, that defendant's failure to return the deposit to them amounts to intentional, willful and outrageous course of conduct designed to aggravate, vex and harass plaintiffs. In count II, plaintiffs demand damages in excess of $21,200.

Defendant has filed preliminary objections in the form of a motion to strike and a demurrer, both of which are directed to the second count of the plaintiffs' complaint and particularly to their prayer for punitive damages.

A preliminary objection in the nature of a motion to strike is governed by Pa.R.C.P. 1017(b):

"(b) Preliminary objections are available to any party and are limited to

"(1) a petition raising a question of jurisdiction or venue or attacking the form or service of a writ of summons;

"(2) a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter."

Ordinarily, in reviewing a preliminary objection in the form of a motion to strike, the court is directed to focus an examination on errors of form which

appear on the record or on the face of the pleadings. *Urban v. Urban,* 332 Pa. Super. 373, 481 A.2d 662 (1984).

A demurrer admits every well-pled material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law. *Smith v. Wagner,* 403 Pa. Super. 316, 588 A.2d 1308 (1991); *Buchanan v. Brentwood Federal Savings and Loan Association,* 444 Pa. 577, 281 A.2d 892 (1971); *Papieves v. Kelly,* 437 Pa. 373, 263 A.2d 118 (1970).

In order to sustain a demurrer, it is essential that plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. *Smith v. Wagner, supra. Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970).

In the case at bar, defendant's objections are both based on plaintiffs' averment in count II and the claim for punitive damages, and attack the propriety of those averments.

Initially, we note the general rule that punitive damages are not recoverable in an action for breach of contract. *Rittenhouse Regency Affiliates v. Passen,* 333 Pa. Super. 613, 482 A.2d 1042 (1984); *Thorsen v. Iron and Glass Bank,* 328 Pa. Super. 135, 476 A.2d 928 (1984).

Plaintiffs contend that their complaint for punitive damages is based on an independent cause of action for the tort of conversion. According to the plaintiff, this cause of action may be pleaded in the alternative, and may be the basis of a punitive damage claim.

It is true that a plaintiff may state two or more causes of action which arise from contract or quasi-contract. An assumpsit and trespass action arising out of the same transaction may be pled as separate

counts in the same complaint. *Daniel Adams Associates Inc. v. Rimbach Publishing Inc.,* 287 Pa. Super. 74, 429 A.2d 726 (1981).

Equally clear, however, is the hesitancy of our courts to accept a second cause of action in tort which was pled to assert a claim for punitive damages unless the cause of action arises out of a separate duty or independent tort claim. *Western Essex Corp. v. Casio Inc.,* 674 F.Supp. 8, 9 (W.D. Pa. 1987); *Daniel Adams Associates v. Rimbach Publishing Inc., supra.*

In *Daniel Adams,* the Superior Court affirmed the trial court's grant of a demurrer to count V of the plaintiff's complaint. The cause of action in the case was the alleged breach of an oral employment agreement.

The court stated:

"The court was also correct in granting both defendants' demurrers to count V of the complaint which demanded punitive or compensatory damages. The complaint merely alleged that defendants' termination of the agreement without just cause was 'solely motivated by a malicious intent to cause harm to' plaintiffs. Nothing else is alleged in the complaint which tends to support plaintiffs' allegations. . . ."

The court held:

"Only where the person who breaks a contract also breaches some duty imposed by society will compensatory or punitive damages be imposed against the wrongdoer in order to punish the wrongful act and in order to serve as a deterrent." *Id.,* 287 Pa. Super. at 77-8; 429 A.2d at 728.

Similarly, in the case at bar, plaintiffs' averments attempt to raise a cause of action for conversion as the mechanism for a claim for punitive damages:

"(14) By virtue of defendant's failure to return the deposit to plaintiffs, defendant has deprived plaintiff of the use, enjoyment and ownership of the same, without the consent of the plaintiffs, and, in fact, without any justification at all.

"(15) Under these circumstances, defendant's failure to return the deposit to plaintiffs according to the terms of the agreement of sale constitutes an intentional, willful and outrageous course of conduct calculated to aggravate, vex and harass plaintiffs." See plaintiffs' complaint, paragraphs 14, 15.

There are no facts averred which in the view of this court raise the breach by defendant of a *separate duty imposed on the defendant* by society which calls for the imposition of the punishment sought. The tort claim raised is not independent of the contract action and there are no facts pled which substantiate plaintiffs' allegation of a willful and outrageous course of conduct. Such being the case neither the claim for the tort of conversion nor the claim for punitive damages is viable.

For the reason set forth above, we enter the attached

## ORDER

It is hereby ordered, adjudged and decreed:

(1) The preliminary objections of defendant are granted.

(2) Count II of plaintiffs' complaint is stricken and the cause of action alleged therein is dismissed.

(3) The prothonotary of Luzerne County is directed to mail a copy of this order and opinion to all counsel of record pursuant to Pa.R.C.P. 236.