## OAT v. MIDDLETON.

### September 29, 1838.

#### Case stated.

Where A. was the owner of two contiguous lots of ground, on one of which he erected a brick messuage, the wall of which was built on the line of the lots, half thereof on each lot, and afterwards the sheriff sold one lot to B., and the other with the building on it to C.; and B. thus having become the owner of the vacant lot proceeded to erect a building thereon, and broke into the side wall of C., *held*, that C. could not recover against B. for the use of the wall, as a party wall, either under the act of February 24, 1721, or at common law.

THE following case was stated for the opinion of the court to be considered in the nature of a special verdict, subject to a writ of error by either party.

" Philip Justus was the owner of two contiguous lots of ground, situate on the south side of Wood Street, between Fifth and Sixth Streets, in the Northern Liberties of the City of Philadelphia. Upon one of which lots he had erected a three story brick messuage, against which he afterwards, on the other lot, put up an open shed eleven feet high, supported by a post in the ground at each end, with the rafters of the roof only let into four inch holes in the brick wall of said messuage.

" In the month of October, 1835, the sheriff seized and took in execution, all the property of said Philip Justus, and the said three story brick messuage, and lot of ground was sold and conveyed to Joseph Oat, the plaintiff; and the said shed and lot of ground was sold and conveyed to one Thomas Hart, who, in the year 1837, sold and conveyed the same to Nathan Middleton, the defendant, who soon after removed the said shed, and built on his said lot a three story brick messuage, breaking into and using the brick wall of the said plaintiff, in the usual way, from the foundation to the roof.

" The said brick wall is built upon the line of the said two lots in the usual way, half on each.

" *Question.*—Is the plaintiff entitled to recover? If yea, for the whole wall, or only that part above the shed?

[Oat v. Middleton.]

"Judgment to be entered accordingly. If for the plaintiff, amount to be ascertained by attorneys."

*J. H. Campbell,* for plaintiff. *Purd.* 984, section 2; *Woolrych on Ways,* 70.

*Price,* contra.  5 *S. & R.* 1, Hart v. Kucher; 5 *Rawle* 151.

PER CURIAM.—Plaintiff's claim must rest either on the act of assembly of February 24, 1721, (*Purd. Dig.* 984,) or on the principles of the common law. The act of assembly applies only to cases where, *at the time* of the erection of the last house, there are adjoining lots owned by *different* persons. The second section impowers the regulators "to enter upon the land of any person or persons, in order to set out the foundations and regulate *the walls to be built between* PARTY AND PARTY: which foundation shall be laid equally upon the lands of *the persons between whom such party-wall is to be made."*

In the case before us, Philip Justus was the owner of *both* lots when the *first* house, now the property of the plaintiff, was built. The wall, therefore, which is called the party-wall in the case stated, was not such, in the sense of that term, in the act of assembly. The sanction of a regulator was not necessary, and I presume was not obtained before the first house was erected. The claim consequently is not supported by the act of assembly.

From the common law it can derive no aid. The sheriff sold the two properties at the same time, allotting to each, one-half of the ground, according to the supposed division of Justus. The defendant's purchase was of a lot including one-half of the ground on which the wall, called the *party-wall*, stood. He purchased therefore one-half of this wall. *Cujus est solum ejus usque ad cœlum.* The plaintiff purchased the other lot with the house erected upon it; the house and half of the party-wall. The case states this expressly,—" The said brick wall is built upon the line of the said two lots, in the usual way,—*half on each."* The defendant, of course, in using as he did, the wall in question, committed no trespass. It was on his own ground, was his own property.

Further; according to Hart v. Kucher, 5 *S. & R.* 1, the right of reimbursement for the expense of a party wall, (admitting the wall in question to be properly so designated,) is a *personal*

[Oat v. Middleton.]

right of the *first* builder, which may be released by him so as to bind his grantee without notice, and if compensation be made for it to the *first* builder during his ownership, the claim is at an end, although the adjoining lot should remain unimproved until both properties have passed into other hands.   Now in the present instance, Justus owned both lots when the *first* house was constructed.   The right of reimbursement, if it were not a solecism to use such language, was personal to him.   And yet he as owner of the adjoining lot, was the hand to pay also.   And where the hand to receive and the hand to pay is the same, no debt or claim can arise.   It is extinguished *eo instanti* its creation.   In every respect, the case is against the plaintiff.

Judgment for defendant.