## DAVIDS *v.* HARRIS.

The party by whose orders a house is erected, is the builder, and liable for the value of the party-wall, although the house was erected under a contract for a gross sum, "including party-walls," and which had been paid.

An execution issued by a justice and returned, levied but not sold for want of time; an *alias* stayed; and a *pluries* issued nine years afterwards, returned "no goods;" are no evidence for the defendant of payment of the debt.

The right to compensation for a party-wall, is personal to the first builder: hence, where a house was erected on land conveyed to the husband and wife, and the heirs of the wife, the husband and his creditors are entitled to the compensation.

In error from the Common Pleas of Philadelphia.

*Jan.* 19. The case is fully stated in the opinion of the court.

*E. Shippen* and *E. M. Wharton* for plaintiff in error.—The

contractor was the first builder; he had received the price, and was bound to apply it before using the wall, or he became a trespasser. This he was not authorized to do by defendant.    The judgment is presumed to be satisfied by a levy, there being no evidence what became of the goods.    It is conceded that if the goods were not sold it would not be so; but after a levy, the *onus* is thrown on defendant, and there was no evidence here but the record : 5 Barr, 294, 519 ; 10 W. 9; 12 S. & R. 37; 11 Ib. 299; 5 Binn. 272; 1 Barr, 393.    The building was on the wife's land, and was hers: the presumption is, it was erected with her money.    It would, therefore, be a claim by her, which survives, and is not cast upon the husband, but by his acts and consent: 6 W. & S. 298; 1 Wh. 179.

*Brightly*, contrà.—There was no evidence of satisfaction as to the defendant: 17 S. & R. 436 ; 9 W. & S. 73 ; 1 Barr, 13, 390 ; 1 W. & S. 251.    The moiety of the wall was erected by him on the land of another under a statutory license, for which he is to be compensated when the owner of the land wishes to use it; it is, therefore, a personal claim : 2 Miles, 247, 337 ; 5 S. & R. 1.

*Jan.* 26.    BURNSIDE, J.—It is necessary to state this case minutely, for a proper understanding of the questions it presents. The case below was an attachment execution issued by the plaintiff against R. Meredith, defendant, and Davids as garnishee, upon a judgment before an alderman by Harris *v.* Meredith, in October, 1836.    An execution had been issued on this judgment in November, and was returned by the constable "goods levied and not sold for want of time."    In January, 1837, an *al.* execution issued, and was returned "proceedings stayed;" a *pluries* execution in October, 1845, was also returned "no goods, and defendant not found." Shortly after this, in October, 1845, this attachment execution issued, and was served on Davids as garnishee.    Meredith, the defendant, not being within the county, was not served.    The grounds on which Davids was made garnishee were as follows :—

On the 26th of March, 1834, Pennock and wife conveyed to Robert Meredith, and Catherine his wife, and the heirs and assigns of the said Catherine, a certain lot in the city of Philadelphia. Meredith (the husband) in the same year erected a brick building thereon, with a party-wall built partly on the lot adjoining.    That lot is owned by the wife of Davids, who, in March, 1845, entered into a written contract with D. White & Son, to build five houses on the last-mentioned lot, and to completely finish them, *including*

*paving, party-walls,* &c., for $8,000. One of these houses was erected adjoining the Meredith lot, and in so doing the party-wall, by him erected, was broken into and used.

A measurement-bill in evidence showed the value of the party-wall to be $54.30. The counsel of Davids requested the court to instruct the jury: 1. That if White & Son contracted to erect the houses for a gross sum, which was paid to them, and they broke and used the party-wall, they, and not Davids, were liable. To this the court answered, that White & Son were the agents of the defendant, and the *user* of the wall by them made him responsible. This instruction is the first error assigned. An agent is a substitute for another. Here White & Son were the substitutes of Davids, who caused the house to be built. The act of 24th February, 1721, Dunl. 39, provides that the first builder shall be reimbursed for one moiety of the charge of the party-wall, or for so much as the next builder shall use before he breaks into the wall. This claim is a *chose in action*: 2 Miles, 37. It is not a lien on the lot or the building, but is a personal charge against the second builder: 1 Dall. 341; 5 S. & R. 1.

The court were further requested to charge the jury, that under the evidence in the suit of Haines *v.* Meredith, the levy made on the defendant's goods in 1836 and no sale thereof for want of sufficient time, an *al. ex.* and proceedings stayed by the plaintiff, coupled with the fact, that no further steps were taken by him until the issuing of the *pluries* in 1845, and in the absence of all other evidence, the judgment against Meredith in law was presumed to be satisfied. The court answered this point in the negative, which is the second error assigned. If there had been conflicting executions against Meredith, the lien of Haines's execution would have been lost in favour of a subsequent execution: Comth. *v.* Stremback, 3 Raw. 341. But where the goods levied are not removed, but left with the defendant, who uses and converts them to his own purposes, the judgment is not presumed to be satisfied: Armitage's Appeal, 9 W. & S. 74. Here there is no evidence, nor any pretence of evidence, that the plaintiff had any advantage or benefit from the levy. The goods were not removed nor disturbed, and in such case there is no legal presumption that the judgment is satisfied.

3. The last point necessary to notice, is that the house being erected on the lot conveyed to Meredith and wife, and her heirs, was the property of the wife; the party-wall was her property, and a judgment of the husband's creditor would not attach by law. The court also answered this point in the negative. Meredith had

at least a life-estate in this lot. It is not necessary to inquire further, his right of reimbursement was a personal right: Hart v. Kucher, 5 S. & R. 1; Oat v. Middleton, 2 Miles, 247. Here the owners when the last house was built stood in the relation of party and party, and this enables the builder of the first house to recover. It was a personal claim given by legislative enactment from the owner of the second house to the builder or owner of the first. Builders and owners are parties, and the act makes it a personal charge against the builder of the second house—a mere *chose in action*, and subject to an attachment execution, like any other debt or claim for money.

Judgment affirmed.