588 A.2d 1308

**John SMITH, Appellant,**

**v.**

**Robert E. WAGNER and Joseph Lagrew, d/b/a Lagrew and Company, and Marcia Lagrew Jones, a/k/a Marcia Jones Lagrew; Marcia Lagrew Jones, d/b/a Lagrew Printing Company; Joseph Lagrew; Richard Larsen; Marilyn Wagner, Shirlee Leete; Thomas W. Leete; Dana Erway; Virginia Erway; Muriel Pekarski, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 18, 1990.

Filed April 5, 1991.

318

Don Bailey, Greensburg, for appellant.

Robert E. Wagner, pro se.

Jeffrey E. Leber, Dist. Atty., Coudersport, for Larsen, appellee.

James T. Rague, Wellsboro, for Wagner and Pekarski, appellees.

Before WIEAND, FORD ELLIOTT and HESTER, JJ.

**WIEAND, Judge:**

In this civil action in which plaintiff alleged that he had been defamed as a result of a conspiracy to undermine his career in government, the trial court sustained preliminary objections in the nature of a demurrer to an amended complaint. After careful review of the averments of the amended complaint, we are constrained to reverse.

Pa.R.C.P. 1019(a) directs that a complaint shall state, "[t]he material facts on which a cause of action ... is based ... in a concise and summary form." The rule

> requires fact pleading. 2A Anderson, Pennsylvania Civil Practice § 1019.1 (1969). "The purpose of [1019(a)] is to require the pleader to disclose the 'material facts' sufficient to enable the adverse party to prepare his case." *Landau v. Western Pennsylvania National Bank, supra* [445 Pa. 217] at 225, 282 A.2d [335] at 339 [(1971)]. A complaint therefore must do more than "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 [78 S.Ct. 99, 103, 2 L.Ed.2d 80] (1957) (statement made in reference to Fed.R.Civ.P. 8(a)). It should formulate the issues by fully summarizing the material facts. "Material facts" are "ultimate facts," *i.e.,* those facts essential to support the claim. Evidence from which such facts may be inferred not only need not but should not be alleged.... Allegations will withstand challenge under § 1019(a) if (1) they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover, 1 Goodrich–Amram, Procedural Rules Service § 1019(a)–2; *D'Antona v. Hampton Grinding Wheel Co.,* 225 Pa. Superior Ct. 120, 310 A.2d 307 (1973), and (2) they are "sufficiently specific so as to enable defendant to prepare his defense," *Commonwealth Environmental Pollution Strike Force v. Jeanette,* 9 Pa. Commonwealth Ct. 306, 308, 305 A.2d 774, 776 (1973).

*Baker v. Rangos,* 229 Pa.Super. 333, 349–350, 324 A.2d 498, 505–506 (1974). The amended complaint in the instant case contains one hundred eighteen (118) causes of action. The

averments thereof are generally that the plaintiff, John Smith, the executive director of the Potter County Housing and Redevelopment Authority, was defamed by various publications of the Potter County True Press in which Smith was accused of being part of a conspiracy to control, mismanage and steal county funds. The True Press, it is alleged, was authored and published by the defendant, Robert E. Wagner, who encouraged his readers to boycott those business people in the community who were associated with Smith or other members of the Redevelopment Authority. The True Press was printed, it is alleged, by Joseph and Marcia Lagrew, d/b/a Lagrew Printing Company. The defamatory information, it is alleged further, was compiled by Wagner in cooperation with defendants, Richard Larsen, Marilyn Wagner, Shirlee and Thomas Leete, Dana and Virginia Erway, and Muriel Pekarski, all of whom aided in distributing the True Press to persons in Potter County. Additionally, Smith alleges that defamatory accusations were communicated to third persons verbally on three separate occasions by Wagner and Larsen. The conduct of the defendants, it is alleged, was undertaken maliciously and pursuant to a conspiracy to injure plaintiff and damage his career.

The averments of the complaint are not specific but refer generally to copies of the True Press which are attached to the complaint. Reviewing these news articles has been a monumental task. Plaintiff's style of pleading, not to be encouraged, may well have contributed to the trial court's inability to comprehend fully the nature of Smith's claim. Nevertheless, when one wades through the sea of information contained in Smith's complaint, it is possible to find concealed therein a legally cognizable cause of action.

A preliminary objection in the nature of a demurrer tests the legal sufficiency of the complaint. *Mudd v. Hoffman Homes for Youth, Inc.,* 374 Pa.Super. 522, 524, 543 A.2d 1092, 1093 (1988).

A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as

all inferences reasonably deducible therefrom, but not conclusions of law. *Buchanan vs. Brentwood Federal Savings and Loan Association,* 457 Pa. 135, 320 A.2d 117 (1974); *Bordon v. Baldwin,* 444 Pa. 577, 281 A.2d 892 (1971); *Papieves v. Lawrence,* 437 Pa. 373, 263 A.2d 118 (1970). In order to sustain the demurrer, it is essential that plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. *Hoffman vs. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970); *Schott vs. Westinghouse Electric Corp.,* 436 Pa. 279, 259 A.2d 443 (1969); *Papieves v. Lawrence, supra.* If there is any doubt, this should be resolved in favor of overruling the demurrer. *Clevenstein v. Rizzuto,* 439 Pa. 397, 266 A.2d 623 (1970).

*Wicks v. Milzoco Builders, Inc.,* 503 Pa. 614, 623, 470 A.2d 86, 91 (1983), quoting *Gekas v. Shapp,* 469 Pa. 1, 5–6, 364 A.2d 691, 693 (1976). See also: *Creeger Brick v. Mid–State Bank,* 385 Pa.Super. 30, 30–31, 560 A.2d 151, 152 (1989); *McGaha v. Matter,* 365 Pa.Super. 6, 8, 528 A.2d 988, 989 (1987).

To state a cause of action for defamation, a complaint must contain averments of fact which, if proven, would establish, (1) the defamatory character of the communication; (2) its publication by the defendant; (3) a reference to the plaintiff; (4) a recipient's understanding of the communication's defamatory character and its application to plaintiff; (5) special harm resulting from the publication; and (6) abuse of any conditional privilege. See: 42 Pa.C.S. § 8343(a). See also: *Agriss v. Roadway Express, Inc.,* 334 Pa.Super. 295, 304, 483 A.2d 456, 461 (1984). Additionally, because appellant was a local public official, he must aver that defendants acted with "actual malice"; that is, knowledge or reckless disregard of the falsity of the objectionable statements. *New York Times v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *Curran v. Philadelphia Newspapers, Inc.,* 497 Pa. 163, 439 A.2d 652 (1981).

In the instant case, the plaintiff-appellant was identified by name in the True Press and in Wagner and Larsen's verbal communications as a liar, a thief and a crook. Such statements are, as a matter of law, capable of defamatory meaning. *Corabi v. Curtis Publishing Co.,* 441 Pa. 432, 447, 273 A.2d 899, 907 (1971). The True Press was distributed among residents of Potter County who were familiar with plaintiff-appellant and who were capable of understanding the references to him. Wagner and Larsen also verbalized the defamatory statements to Potter County residents. Appellant was not required to plead special damages. *Agriss v. Roadway Express, Inc., supra* 334 Pa.Super. at 327, 483 A.2d at 474. The averments of actual harm to reputation, earning capacity and public humiliation were sufficient allegations of damage. Moreover, the averment that the defendants acted with the intent to destroy appellant's career and business interests was sufficient, if proven, to defeat any qualified privilege which appellees may have had for their numerous publications. See: 42 Pa.C.S. § 8342. See also: *Berg v. Consolidated Freightways, Inc.,* 280 Pa.Super. 495, 421 A.2d 831 (1980); *Beckman v. Dunn,* 276 Pa.Super. 527, 419 A.2d 583 (1980) (a privileged communication is one made upon a proper occasion, from a proper motive, in a proper manner and based upon reasonable and probable cause). Finally, appellant has explicitly averred "actual malice" on the part of each defendant with the sole and inexplicable exception of Wagner. When the averments against Wagner are read as a whole, however, the inference is inescapable that the True Press was authored with reckless disregard for the truth or falsity of the statements made.

We conclude, therefore, that the averments of the complaint are sufficient to state causes of action for defamation against the named defendant-appellees.

The averments of the complaint are also sufficient to state a cause of action for civil conspiracy. Such a cause of action requires (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to

do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. *Burnside v. Abbott Laboratories,* 351 Pa.Super. 264, 277, 505 A.2d 973, 980 (1985); *Gordon v. Lancaster Osteopathic Hospital Ass'n,* 340 Pa.Super. 253, 267, 489 A.2d 1364, 1372 (1985); *Aetna Electroplating Co. v. Jenkins,* 335 Pa.Super. 283, 288, 484 A.2d 134, 137 (1984); *Baker v. Rangos, supra* 229 Pa.Super. at 351, 324 A.2d at 506; *Raneri v. DePolo,* 65 Pa.Commw. 183, 187, 441 A.2d 1373, 1376 (1983). "[I]f a plaintiff is unable to allege facts that are direct evidence of the combination and its intent, he must in order to comply with Rule 1019(a) allege facts that, if proved, will support an inference of the combination and its intent." *Baker v. Rangos, supra* 229 Pa.Super. at 351, 324 A.2d at 506. It is not necessary, however, that the appellant aver specifically the time, place or date for a conspiratorial meeting or the precise date on which the conspiracy was entered. *Baker v. Rangos, supra* 229 Pa.Super. at 355, 324 A.2d at 507, citing *Commonwealth v. Musser Forests, Inc.,* 394 Pa. 205, 146 A.2d 714 (1958).

Instantly, appellant averred that the conspiracy had become manifest in March, 1988, when the first edition of the True Press had been published and distributed. Contained in the newsletter itself was a statement that the intent was to undermine appellant's economic interests and political career. While it is not improper to criticize politicians and local officials publicly in an attempt to improve government, it is improper to engage in a concerted effort to destroy someone's reputation and career by publishing defamatory statements. Appellant's averments of fact regarding defendants' actions and intent, therefore, are sufficient to withstand demurrer. Whether appellant can prove that defendants acted to injure him must be determined from the evidence. For present purposes, it is enough that the averments of the complaint are sufficient. They are factual averments and not merely a single, vague and conclusory statement of conspiracy. Compare: *Landau v.*

*Western Pennsylvania National Bank,* 445 Pa. 217, 282 A.2d 335 (1971); *Burnside v. Abbott Laboratories, supra,* 351 Pa.Super. at 277–280, 505 A.2d at 980–982.

The trial court found the amended complaint deficient in its failure to aver actual damages resulting from the conspiracy. While it is true that in an action for civil conspiracy damages are awarded for the injury done by the conspiracy, P.L.E. Conspiracy § 26, it is not necessary that appellant plead specific amounts of out of pocket losses in order to survive a demurrer. Instantly, the damages which appellant pleaded were those resulting from the publication of defamatory falsehoods. Such damages customarily include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. See: *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789, 811 (1974). Thus, averments in the amended complaint that appellant suffered damage to his reputation, embarrassment and a substantial and permanent loss of earning capacity are sufficient to plead a cause of action for civil conspiracy.

We conclude, for the foregoing reasons, that the complaint filed by plaintiff-appellant was sufficient to withstand summary dismissal in response to the defendant-appellees' preliminary objections.

Reversed and remanded for further proceedings. Jurisdiction is not retained.