**Williams v. Hill**

44

C.P of Erie County, no. 12185-2001.

*Joseph P. Conti,* for plaintiffs.
*Samuel S. Hill,* pro se.

FEUDALE, *S.J.*, Specially Presiding, March 15, 2004—Before this court in this defamation and libel case is a motion in limine filed by plaintiffs, Cunningham Chrysler, Plymouth Inc. and various owners, salesmen and other employees of a franchise retail dealer of Chrysler/Plymouth Jeep vehicles.

Defendant, Samuel S. Hill, who is unrepresented by counsel, indicated in his pretrial narrative statement that he would be calling as a witness at a jury trial scheduled for April 12, 2004, Attorney Brian M. McGowan and Ms. Marsha Cedeno in defense of the allegations against him. Mr. McGowan is an attorney with the law firm known as The McDonald Group L.L.P., and Ms. Cedeno is a paralegal with the same law firm.

## FACTS

The relevant facts for the purpose of deciding the motion in limine reflect that Mr. Hill purchased a used 1995 Grand Cherokee with mileage of 41,687 miles on April 6, 1999. Contemporaneous to the purchase of the Grand Cherokee, Mr. Hill purchased a warranty (Chrysler service contract), that according to his answer, covered the vehicle for a period of two years or 24 months, subsequent to the 90-day warranty, which came with the vehicle. Mr. Hill, in his pretrial narrative, alleges inter alia, that he was persuaded by used car salesman, Russell Moore, to purchase the extended warranty. He also alleges he was told by Mr. Moore[1] that the warranty would

---

1. We would note that the salesman, Russell Moore, was not named as a plaintiff in the above cause of action, although we are uncertain whether he was an employee when Cunningham et al. filed the complaint in June 2001.

cover everything that went wrong with the vehicle except items that normally wear out tires, brakes, mufflers, etc. According to plaintiffs, Mr. Hill brought the vehicle in for service on three different occasions between April 6, 1999, and October 1999 and he was told each time the repairs he was requesting were not covered under the warranty. In his answer to the amended complaint, Mr. Hill alleged only one repair was actually done, which was a leak in the transmission.

Notwithstanding the foregoing, on June 16, 2001, and June 28, 2001, Mr. Hill and two other people described by Cunningham in their complaints against Mr. Hill as co-conspirators,[2] arrived at the site of Cunningham Chrysler Plymouth, and proceeded to express their displeasure with plaintiffs by way of verbal utterances and picket signs.[3]

Apparently, at a subsequent discovery proceeding, Mr. Hill was at the McDonald Group law firm for the purpose of examination and photocopy of the picket signs. According to Mr. Hill, Attorney Brian McGowan saw the picket signs spread out on the conference table (one of which reflected Cunningham "Salesman lie," and Mr. McGowan allegedly responded in front of paralegal Marsha Cedeno, "Yes everyone knows that."). Defendant has listed Brian McGowan and Ms. Cedeno, as liability witnesses in his pretrial statement.

---

2. Also named in a subsequent lawsuit was Matthew Jackanic and Thomas Crozier. The case as to Jackanic was amicably resolved and discontinued by subsequent order of court. The action against Mr. Crozier, who is also unrepresented, remains.

3. Apparently defendant's activities were captured in the televised and print media.

The wherefore clause of plaintiffs' motion in limine provides:

"Wherefore, plaintiffs respectfully request the issuance of an order in limine precluding any and all of the defendants from referring to and/or utilizing the alleged statements of Attorney Brian M. McGowan in any manner whatsoever, and further precluding the presentation of the testimony of Attorney McGowan and/or Ms. Cedeno by any and all of the defendants."

Plaintiffs allege, inter alia, the alleged statements are not relevant to the issues to be determined at trial, that Mr. McGowan has never been a customer or purchased a vehicle from Cunningham, that Mr. McGowan never held nor does he now hold any opinion nor does he know the reputation of *"plaintiffs"* (emphasis added) and, therefore, there is no factual basis for admission of the testimony.

Additionally, during argument on the motion, an issue arose whether Mr. McGowan had any knowledge or involvement as counsel in the case. Mr. Hill alleged, and subsequently provided, a copy of a motion to extend case management order, which along with a certificate of service, was signed by Attorney McGowan in May of 2002. While Mr. Conti (who is the only attorney this court has had any involvement with in both cases filed by Cunningham et al., against defendant Hill, Crozier and Jackanic) asserts such evidenced a limited involvement by Mr. McGowan. Notwithstanding the foregoing, we would note plaintiffs' counsel's praecipe for appearance filed with the prothonotary on August 17, 2001 provides "Please enter our appearance on behalf of all the plaintiffs in the above matter. Respectfully submitted, The

McDonald Group L.L.P." and was signed by Joseph P. Conti, Esquire. Clearly, such evidenced both the intent and ability of Mr. McGowan to act as counsel, when deemed appropriate, and/or as also evidenced when Mr. Conti was unavailable.

## RELEVANT LAW

In their motion in limine, the first averment of plaintiffs is that the "alleged statements are not in any manner relevant to the issues to be determined at trial."[4] In order to determine such we must review plaintiffs' and defendant's burdens in this cause of action.

In an action for defamation, the plaintiff must prove:

"(1) the defamatory character of the communication;

"(2) its publication by the defendant;

"(3) its application to the plaintiff;

"(4) the understanding by the recipient of its defamatory meaning;

"(5) the understanding by the recipient of it as intended to be applied to the plaintiff;

"(6) special harm resulting to the plaintiff from its publication; and

"(7) abuse of a conditionally privileges occasions." 42 Pa.C.S. §8343(a); see also, *Smith v. Wagner,* 403 Pa. Super. 316, 588 A.2d 1308 (1991); *Thomas Merton Center v. Rockwell International Corp.,* 497 Pa. 460, 442 A.2d 213 (1981); *Kryeski v. Schott Glass Technologies,* 426 Pa. Super. 105, 626 A.2d 595 (1993).

The defendant has the burden of proving, when relevant to the defense:

---

4. Plaintiffs' motion in limine paragraph 5(a).

"(1) the truth of the defamatory communication;

"(2) the privileged character of the occasion on which it was published; and

"(3) the character of the subject matter of defamatory comment as of public concern." 42 Pa.C.S. §8343(b)

Finally, in consideration of the elements and defense of a cause of action for defamation, and plaintiffs' motion requesting we address the admissibility and relevance of the witnesses Mr. Hill seeks to call, we turn to the relevant rules of evidence.

Pa. Rule of Evidence 104 provides, in relevant part, as follows:

"Rule 104. Preliminary questions

"(a) Questions of admissibility generally

"Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privilege.

"(b) Relevancy conditioned on fact

"When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

"(e) Weight and credibility

"Even though the court has decided that evidence is admissible, this does not preclude a party from offering evidence relevant to the weight or credibility of that evidence."

50

Pa. Rule of Evidence 105 provides as follows:

"Rule 105. Limited admissibility

"When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court upon request shall, or on its own initiative may, restrict the evidence to its proper scope and instruct the jury accordingly."

## DISCUSSION

In his answer defendant Hill denies he defamed any of the plaintiffs and asserts inter alia that his assertions were directed at the salesman that he claims made the allegedly false representation to him about the extended warranty. Such is corroborated to a limited extent by the signs which he claimed read "Cunningham Sales*man* lie." (emphasis added) If as he avers (notwithstanding the absence of a "d" on the sign in question) an attorney for the plaintiffs (The McDonald Group) with which Attorney McGowan is associated, and who executed legal documents which are part of the record proceedings, allegedly made an assertion "Yes everyone knows that," arguably as to a salesman (Russell Moore) who is not a named plaintiff (for reasons we are unable to speculate on); then any ruling disallowing the testimony would be premature. Additionally, somewhat oddly and ironically, Mr. McGowan's alleged assertion *may* be relevant if believed as to (1) the *defamatory character* of the communication (2) its *application* to the named plaintiffs and, most importantly (3) the *understanding by the recipient* of its defamatory *meaning* as well as the alleged truth of the defamatory statement and even arguably the character of the subject matter of defamatory comment as of

*public concern*. We also note that after a careful review of Attorney McGowan's affidavit, it is not clear that he denies or disavows making the asserted statement. No affidavit was submitted by Ms. Cedeno. If as Mr. McGowan asserts in his affidavit, "I have never held, nor do I now hold, the opinion(s) that has/have been alleged by the defendants in the two above stated civil actions" or if as one may speculate the assertion made was an off-the-cuff admittedly pejorative comment,[5] the weight and credibility of all of the foregoing is for the jury to determine. In any event, we believe at a minimum, Rule 105 and the doctrine of limited admissibility is implicated, and plaintiffs upon request, depending on the testimony developed, may request that the court restrict the evidence to the proper scope, and instruct the jury accordingly.

We therefore enter the following:

## ORDER

And now, to-wit, March 15, 2004, the plaintiffs' motion in limine requesting the court preclude any and all of the defendants from referring to and/or utilizing the alleged statements of Attorney Brian McGowan in any manner whatsoever, and further precluding the presentation of the testimony of Attorney McGowan and/or Ms. Cedeno by any and all of the defendants is hereby denied and both witnesses upon proper subpoena shall be available as potential liability witnesses at trial.

---

5. Under Pennsylvania Defamation Law, only statements of fact can support an action for libel or slander, not merely expressions of opinion. 42 Pa.C.S. §8343(2). *Baker v. LaLayette College,* 350 Pa. Super. 68, 504 A.2d 247 (1986), *aff'd,* 516 Pa. 291, 532 A.2d 399 (1987).