**Bailey v. Ketrow**

*Lawrence L. Newton,* for plaintiffs.
*Allan J. Wertz,* for defendant Ketrow.
*Edwin A. D. Schwartz,* for defendants Goldstein.
*Dennis J. Yonkin,* for defendant Millville.

LUNSFORD, *J.,* May 1, 2007—This case arises from a fire loss at a rental property owned by plaintiffs Raife P. Bailey and Melissa David-Bailey. When plaintiffs sought to recover pursuant to a fire insurance policy issued by defendant Millville Insurance Company, they were informed that the damaged property was not insured by the policy and that the loss would not be covered. Plaintiffs thereafter filed this action against defendant Millville as well as defendants Donald Ketrow, t/d/b/a Ketrow Insurance Agency; Terry M. Goldstein, Esquire; and Goldstein, Heslop, Steele, Clapper & Oswalt, asserting claims for breach of contract, negligence, and breach of fiduciary duty. Defendants' preliminary objections to the amended complaint are now before the court.

## BACKGROUND

It is alleged in the complaint as follows. In early January 2005, plaintiffs contacted defendant Ketrow to secure fire insurance for a rental property they were purchasing at 907 North 4th Avenue, Altoona, Pennsylvania. Defendant Ketrow placed the insurance with defendant Millville, but erroneously identified the address of the insured property as 907 North 7th Avenue, Altoona, Pennsylvania. Also in early January 2005, plaintiffs hired the Goldstein defendants to represent them at the real estate closing for the 907 North 4th Avenue property. The Goldstein defendants received a copy of the insurance binder before the closing but did not notice that the wrong property was insured. On January 7, 2005, the closing took place, and defendant Millville thereafter accepted plaintiffs' premium payment.

On October 22, 2005, the 907 North 4th Avenue property was damaged by fire. Plaintiffs reported the loss to defendant Ketrow, and was informed of the mistake regarding the property address. Defendant Millville denied coverage.

On October 18, 2006, plaintiffs filed their complaint, seeking to hold defendants responsible for paying for the fire loss. After initial preliminary objections were filed, plaintiffs amended their complaint. The amended complaint asserts breach of contract and negligence claims against each defendant, and breach of fiduciary duty claims against defendant Ketrow and the Goldstein defendants. Defendants filed preliminary objections to the amended complaint in the forms of demurrers and/or motions to strike, and all the parties have submitted briefs for the court's consideration. Each set of preliminary objections will be addressed in turn.

## DISCUSSION

### A. *Standard of Review*

A demurrer tests the legal sufficiency of a pleading. See Pa.R.C.P. 1028(a)(4). In considering a demurrer, the question is whether, accepting as true all well-pleaded allegations that are material and relevant, the law will not permit recovery. *Sullivan v. Chartwell Investment Partners LP,* 873 A.2d 710, 714 (Pa. Super. 2005). The question must be decided solely on the basis of the pleadings, and a demurrer should be overruled unless it is clear from the face of the complaint that the claims cannot be sustained. *Id.* In case of any doubt, a demurrer should be overruled. *Id.*

A motion to strike may be granted when a pleading lacks sufficient specificity; that is, when it does not contain sufficient material facts to enable the adverse party to prepare a response. Pa.R.C.P. 1019(a); see also, *Smith v. Wagner,* 403 Pa. Super. 316, 319, 588 A.2d 1308, 1310 (1991).

## B. *Defendant Ketrow's Demurrer or Motion To Strike*

Defendant Ketrow objects to Count I of the amended complaint (breach of contract) on the ground that it fails to allege a contract between plaintiffs and defendant Ketrow.

A defendant cannot be liable for breach of contract unless it was a party to the contract. *Electron Energy Corporation v. Short,* 408 Pa. Super. 563, 567, 597 A.2d 175, 177 (1991). To establish a contract, three elements must be alleged: (1) the parties reached a mutual understanding; (2) they exchanged consideration; and (3) they determined the terms of their agreement with sufficient clarity. See *Weavertown Transport Leasing Inc. v. Moran,* 834 A.2d 1169, 1172 (Pa. Super. 2003).

Two of the elements required to establish a contract between plaintiffs and defendant Ketrow are pled in the amended complaint. In paragraphs 7 through 13 of the amended complaint, plaintiffs allege a mutual understanding and sufficiently clear terms. Specifically, they allege that plaintiff Raife Bailey contacted defendant Ketrow by phone and spoke with its employee, Jean Basignano, about obtaining fire loss coverage for the 907 North 4th Avenue property. They further allege that after discussing the property in more detail, Ms. Basignano

agreed that defendant Ketrow would procure the insurance and that plaintiff Raife Bailey would pay the premium to the insurer selected by defendant Ketrow. In paragraphs 26 through 31 and 34 through 36, plaintiffs allege additional details concerning the terms of the agreement and how it was breached. Accordingly, plaintiffs have alleged two elements of a contract.

However, the third element, consideration, is not sufficiently pled. While plaintiffs allege a benefit to themselves (fire insurance for their property) and to defendant Millville (premium payment), they have not specified what benefit or other consideration, if any, flowed to defendant Ketrow. Therefore, Count I is dismissed, with leave to re-plead, if plaintiffs are able to sufficiently plead consideration.

The court notes that the Allegheny County cases cited by defendant Ketrow for the proposition that no contract existed between plaintiffs and defendant Ketrow do not require dismissal of Count I. While the courts in those cases dismissed breach of contract claims against insurance agents, the courts' reasoning is unknown because opinions were not provided. However, this court does not agree with defendant Ketrow that "the only possible contract in this matter is the policy of insurance between the plaintiffs and [defendant Millville]." Specifically, under the facts alleged, plaintiffs and defendant Ketrow may have entered into an enforceable contract to procure insurance. See *Mahramas v. The Guardian Insurance & Annuity Co.,* no. 95-5430, 1996 WL 932770 (C.C.P. July 17, 1996); *Consolidated Sun Ray Inc. v. Lea,* 401 F.2d 650, 656 (3d Cir. 1968) (applying Pennsylvania law).

## C. *Defendant Millville's Demurrer*

Defendant Millville objects to Count VII of the amended complaint (breach of contract) for failure to allege any contract between plaintiffs and defendant Millville relating to the damaged property.

While the amended complaint does not allege breach of the policy defendant Millville actually issued to plaintiffs, it does allege a basis for contract liability on an agency theory. Paragraph 7 of the amended complaint alleges that at all relevant times defendant Ketrow was acting as the authorized representative of defendant Millville. Taking the agency allegation as true, defendant Millville may be liable on the policy as it should have been written. See *Line Lexington Lumber & Millwork Co. v. Pennsylvania Publishing Corp.,* 451 Pa. 154, 301 A.2d 684 (1973) (in an action seeking reformation of fire insurance policies based on insurance agent's mistake, insurers were potentially liable on an agency theory). Therefore, defendant Millville's demurrer to Count VII is overruled.

## D. *Goldstein Defendants' Motion To Strike*

The Goldstein defendants seek to have paragraphs 16, 48, 53, and 57 of plaintiffs' amended complaint stricken as vague and insufficiently specific, in violation of Rule 1019(a). Those paragraphs provide:

"(16) Ms. Altman-Shofer verbally agreed to provide the legal services to the plaintiff including a title search, preparation of a bond and mortgage, HUD settlement statement, closing and the like.

"(48) As a result of the defendants' obligations pursuant to the aforesaid agreement, the defendants have impliedly agreed, among other things, to provide legal counsel in a competent and professional manner.

"(53) Defendants failed to exercise reasonable care, skill and diligence in representing plaintiffs, including but not limited to:

"(a) in failing to adequately and appropriately represent plaintiffs;

"(b) in failing to adequately and appropriately protect the plaintiffs with respect to the purchase of certain real estate situate at 907 N. 4th Avenue, Altoona, Pennsylvania;

"(c) in failing to examine the insurance binder of the Millville Insurance Company in order to make certain that the binder covered the property that was being purchased by the plaintiffs at 907 N. 4th Avenue, Altoona, Pennsylvania.

"(57) The defendants failed to exercise reasonable care, skill and diligence in representing the plaintiffs including, but not limited to, failing to closely examine the insurance binder from the Millville Insurance Company in order to make certain that the property the plaintiffs were purchasing at 907 N. 4th Avenue, Altoona, Pennsylvania was properly insured."

The Goldstein defendants contend they cannot prepare an answer because they are unaware what conduct plaintiffs are alluding to by their vague, boilerplate phrases "and the like," "among other things," and "including, but not limited to." They are concerned that the phrases are broad enough to permit plaintiffs to later "amplify"

their claims with new factual allegations without violating the applicable statutes of limitations. See *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983).

Setting aside the boilerplate phrases, the challenged paragraphs state the material facts upon which plaintiffs' claims against the Goldstein defendants are based in a concise and summary form, as required by Rule 1019(a); see also, *Ammlung v. City of Chester,* 224 Pa. Super. 47, 59 n.36, 302 A.2d 491, 498 n.36 (1973). Those paragraphs allege the Goldstein defendants had contractual and professional duties to represent plaintiffs and protect their legal interests at the closing for the 907 N. 4th Avenue Altoona, Pennsylvania property. They further allege that the Goldstein defendants breached those duties by failing to closely examine closing documents, specifically the insurance binder, resulting in loss when the uninsured property was damaged by fire. Accordingly, those paragraphs will not be stricken in their totality. However, the boilerplate phrases will be stricken, with leave to plaintiffs to file a more specific pleading that avers other factual bases, if any, for their claims against the Goldstein defendants.

## ORDER

And now, May 1, 2007, upon consideration of the preliminary objections filed by defendants Donald Ketrow, t/d/b/a Ketrow Insurance Agency; Terry M. Goldstein, Esquire; Goldstein, Heslop, Steele, Clapper & Oswalt; and Millville Insurance Company to the amended complaint filed by plaintiffs Raife P. Bailey and Melissa David-Bailey, the court orders as follows:

(a) The objections of defendant Ketrow are sustained;

(b) The objections of defendant Millville are overruled;

(c) The objections of the Goldstein defendants are overruled in part and sustained in part.

Plaintiffs are granted leave to file a second amended complaint in accordance with the court's opinion within 30 days of the date of this order.