## Henry v. Summit Lanes

C.P. of Monroe County, no. 2524 Civil 2006.

*T. Axel Jones,* for plaintiffs.

*Bernard T. Kwitowski,* for defendants.

MILLER, *J.,* September 29, 2008—Plaintiffs, Patrick Henry and Sandra Henry, initiated this action against Summit Lanes alleging that on December 3, 2005, plaintiff Husband slipped on a liquid substance and fell while he was bowling at defendant's facility. We heard oral argument on defendant's preliminary objections to plaintiffs' amended complaint on September 8, 2008.

The Pennsylvania Rules of Civil Procedure provide, in pertinent part:

"(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

"(2) failure of the pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

"(3) insufficient specificity in a pleading." Pa.R.C.P. 1028(a)(2)(3).

The defendant asserts that the plaintiffs' complaint fails to specify facts that support a claim for punitive damages; therefore, the "recklessness" language in subparagraph 10 of the plaintiffs' amended complaint should be stricken.

Punitive damages may be awarded for conduct that is outrageous. *Feld v. Merriam,* 506 Pa. 383, 395, 485 A.2d 742, 747-48 (1984). Where there exists no indication of evil motive, then a plaintiff must establish that a defendant acted with reckless indifference to the rights of others. *Burke v. Maassen,* 904 F.2d 178, 181 (3d Cir. 1990). Punitive damages can be found

where the evidence shows the defendant knows, or has reason to know, of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act in conscious disregard of that risk. *Id.* at 181; *Martin v. Johns-Manville Corp.,* 508 Pa. 154, 494 A.2d 1097 (1985). A claim for punitive damages must plead facts sufficient to summarize and support the claim, including facts tending to cast the alleged actions in a light justifying the label of outrageous conduct. *Smith v. Brown,* 283 Pa. Super. 116, 423 A.2d 743 (1980).

After reviewing the complaint, we find that the plaintiffs have not alleged facts to support a claim for punitive damages based on recklessness. The complaint clearly does not aver facts that justify a claim of outrageous conduct. As such, we sustain the defendant's first preliminary objection to strike the "recklessness" language in paragraph 10 of the plaintiffs' complaint.

The defendant's second preliminary objection asserts that subparagraph 10(j) of the plaintiffs' complaint should be stricken for lack of specificity.

A complaint should formulate those facts essential to support a claim. *Smith v. Wagner,* 403 Pa. Super. 316, 321, 588 A.2d 1308, 1310 (1991). The standard in the court's determination of preliminary objections is whether it is clear and free from doubt from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish a right to relief. *Bower v. Bower,* 531 Pa. 54, 611 A.2d 181 (1992). Under Pennsylvania Rules of Civil Procedure, when pleading a cause of action, the material facts upon which the ac-

tion is based must be stated in a concise and summary form. Pa.R.C.P. 1019(a).

We find the language of subparagraph 10(j) stating, "otherwise conducting themselves in a negligent and careless manner," is not clearly stated. We, therefore, grant the defendant's preliminary objection to strike subparagraph 10(j) of the complaint.

The defendant further alleges that subparagraphs 10(a) and 10(b) should be stricken because neither demonstrates how the defendant failed to comply with a duty owed to the plaintiff.

To establish a negligence, a plaintiff must aver in his complaint: (1) a duty or obligation recognized by law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure on the person's part to conform to the standards required; (3) a reasonably close causal connection between the breach of duty and the resulting injury; and (4) actual loss or damage resulting. *Ferry v. Fisher,* 709 A.2d 399, 402 (Pa. Super. 1998).

We do not find the language in subparagraph 10(a) which states, "failing to use due care and to employ reasonable skills in the performance of their duties and in their duty of care toward plaintiff" and of 10(b), "failing to exercise the judgment, care, and skill of reasonable persons under similar circumstances," specific as to how the defendant violated the standard of care owed to the plaintiff.

Since the complaint does not aver any facts that suggest how the defendant violated a duty, as such, we grant defendant's preliminary objection to subparagraphs 10(a)-(b) of the complaint.

Finally, defendant requests that the court find subparagraphs 10(c), 10(e), 10(f), 10(g) and 10(i) such that the meaning of the terms "condition," "defect" and "defects" as used in these subparagraphs be limited to the facts set forth in paragraphs 7 through 9 of the plaintiffs' amended complaint.

Paragraphs 7 through 9 of the complaint, in relevant part, state:

"(7) there existed on the bowling lane a quantity of liquid which constituted a defect or irregularity.

"(8) he fell to the ground as a result of slipping on the liquid in the bowling lane.

"(9) defendant had . . . knowledge or notice of the existence of the liquid . . . ." Plaintiffs' amended complaint, paragraphs 7 through 9.

Subparagraphs 10(c), 10(e), 10(f), 10(g) and 10(i) reference to "unsafe or dangerous condition," as follows:

"(c) permitting the bowling lane to remain in an unsafe, unsuitable, and dangerous condition, despite knowledge of the defect;

"(e) failing to warn plaintiff of the defects;

"(f) unreasonably exposing plaintiff to a dangerous condition;

"(g) permitting the bowling lane to remain in a dangerous, unsuitable and unsafe condition;

"(i) failing to correct, remedy, repair and/or to eliminate the dangerous condition and defects." Plaintiffs' amended complaint, paragraphs 10(c) through 10(i).

The plaintiff refers to the defect in question as "a quantity of liquid" in paragraph 7, as "slipping on the liquid" in paragraph 8, and as the "existence of the liquid" in paragraph 9 of the complaint. In paragraphs 7 through 9, plaintiff repeatedly asserts that the defect that existed was that of a liquid substance. As such, we grant defendant's request to have the term "defects" in subparagraphs 10(c), 10(e), 10(f), 10(g) and 10(i) be limited to mean liquid substance.

Accordingly, we enter the following order.

### ORDER

And now, September 29, 2008, the preliminary objections of the defendant are sustained, and plaintiffs shall have 20 days from the date of this order to file an amended complaint which complies with the Pennsylvania Rules of Civil Procedure.